Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email:  waterman.steven@dorsey.com
          thomson.michael @dorsey.com
          armington.jeff@dorsey.com

*Attorneys for Debtor Perseon Corporation*
*and Proposed Attorneys for Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | Case No. 16-24435 |
| PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Chief Judge R. Kimball Mosier |

**EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO CONTINUE USE OF ITS EXISTING BANK ACCOUNTS AND EXISTING BUSINESS FORMS**

Perseon Corporation ("Perseon" or "Debtor"), the debtor in possession in the above captioned bankruptcy case, respectfully moves this Court for an emergency order authorizing the Debtor to continue using its existing bank accounts and existing business forms (the "Motion"). This Motion is supported by the *Notice of Hearing on First Day Motions* (the "Omnibus Notice"), and the *Declaration of Clinton E. Carnell, Jr. in Support of Chapter 11 Petition, First Day Motions and 363 Sale Motion* (the "Omnibus Declaration"), filed concurrently herewith and incorporated by reference.  In further support of the Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 345, 363, 1107, and 1108.[1]

## BACKGROUND

3.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (the "Court") thereby initiating this case (the "Chapter 11 Case").

4.      No trustee, examiner, or official committee of unsecured creditors has been appointed in this case.  The Debtor is operating its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      A detailed discussion of the Debtor's history, description of its businesses, its assets and liabilities, and the events that led to its need for bankruptcy relief are set forth in the Omnibus Declaration.[2]

## RELIEF REQUESTED

6.      The Operating Guidelines for Chapter 11 Cases established by the Office of the United States Trustee (the "Guidelines") generally require a chapter 11 debtor to, among other

---

[1]      Unless otherwise specified herein, all statutory references are to Title 11 of the United States Code (the "Bankruptcy Code").

[2]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Omnibus Declaration.

things: (i) close all existing bank accounts; (ii) open new debtor in possession bank accounts; (iii) establish one debtor in possession account for the payment of taxes, including payroll taxes; (iv) maintain a separate debtor in possession account for cash collateral; and (v) obtain checks bearing the designation "debtor in possession," the case number, and the type of account.  In order to minimize disruption to the Debtor's operations during the pendency of this case, this Motion requests entry of an Order authorizing the Debtor to continue use of its existing bank accounts, rather than open new debtor in possession accounts, including a new segregated account for the payment of taxes.

7.      In addition, and in order to minimize expense to the estate, this Motion requests entry of an Order authorizing the Debtor to continue to use its correspondence and business forms substantially in the form existing immediately before the Petition Date, without reference to its status as debtor in possession.  The Debtor proposes that, in the event it needs to purchase new business forms during the pendency of this Chapter 11 case, such forms will then reference the Debtor's status as debtor in possession.

### A.  The Debtor's Cash Management System

8.      On the Petition Date, the Debtor maintained four depository bank accounts (collectively, the "Bank Accounts") with Wells Fargo Bank, N.A. ("Wells Fargo").  Wells Fargo is a financially stable banking institution with FDIC insurance.

9.      The Debtor maintains detailed and accurate records of all disbursements and transfers flowing between the Bank Accounts, including all checks that are written on its accounts.  Wells Fargo allows the Debtor to easily monitor its Bank Accounts' balances and

activities, generate reports, hold and release checks, stop payments, transfer funds and send wires.

10.     In the course of its operations, the Debtor maintains a cash management system (the "Cash Management System") to receive and disburse funds.  Below is a description of each of the Debtor's Bank Accounts, identified by the last four digits of the Bank Account number, that form the Debtor's Cash Management System:

a. Wells Fargo 7593 – this Bank Account maintains a $25,000 security deposit to protect Wells Fargo from any non-payment of balances on two corporate credit cards that the Debtor uses during the course of its day-to-day operations.  No funds go into or out of this account.

b. Wells Fargo 1802 – this is the Debtor's main operating Bank Account.  The Debtor draws on this account to make all payments to its vendors, to pay employee payroll obligations, and initially deposits all amounts received from sales into this Bank Account.

c. Wells Fargo 8458 – this Bank Account serves as the Debtor's savings account.  The Debtor transfers amounts between this Bank Account and its main operating Bank Account as necessary to fund its operations.

d. Wells Fargo 5217 – this Bank Account maintains and segregates flexible spending account contributions from the Debtor's employees.

**B.  <u>The Debtor's Business Forms</u>**

11.     In the ordinary course of business, the Debtor uses several varieties of business forms.  To minimize expense to the estate and to avoid any confusion with user/customers,

employees, and third parties, the Debtor respectfully requests that the Court authorize the Debtor to continue to use all business forms, including without limitation, checks, letterhead, customer forms, purchase orders, contracts, and invoices (collectively, the "Business Forms"), as such forms were used by the Debtor immediately prior to the Petition Date, without reference to the Debtor's status as debtor in possession.

## BASIS FOR RELIEF REQUESTED

**A.  The Debtor's Continued Use of its Bank Accounts and Business Forms is in the Best Interests of the Debtor and its Estate**

12.    Generally, bankruptcy courts treat a request for authority to continue utilizing bank accounts as a relatively "simple matter."[3] Courts have noted the "huge administrative burden" and economic inefficiency of requiring the debtor to maintain all accounts separately.[4]

13.    Section 363(c)(l) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing."[5] The purpose of section 363(c)(l) is to provide a debtor in possession with the flexibility to engage in ordinary course transactions required to operate its business without unnecessary oversight by creditors or

---

[3]    *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (affirming district court decision denying creditor's motion for leave to appeal bankruptcy court's cash management order, holding that authorizing the debtors to utilize their pre-petition bank accounts and "routine cash management system" was "entirely consistent" with applicable provisions of the Bankruptcy Code.); *In re Voyager Express, Inc.*, 2009 Bankr. LEXIS 4598 (Bankr. D. Colo. 2009) (authorizing debtor to continue to use existing bank account in connection with a debtor in possession financing motion).

[4]    *Columbia Gas*, 997 F.2d 1039, 1061(3d. Cir. 1993); *see also In re Southmark Corp.*, 49 F.3d 1111, 1114 (5th Cir. 1995) (maintaining existing bank accounts and cash management system allows a debtor "to administer more efficiently and effectively its financial operations and assets").

[5]    11 U.S.C. § 363(c)(l).

the court.[6]  As stated by the United States Court of Appeals for the Tenth Circuit: "A debtor in possession under Chapter 11 is generally authorized to continue operating its business."[7] Further, continuing "routine transactions" between bank accounts under a debtor's cash management system are covered under § 363(c).[8]

14.     In addition, to the extent the Debtor's continued use of its existing Bank Accounts is outside of the "ordinary course of business," the Court may approve such continued use as within the reasonable business judgment of the Debtor.  Bankruptcy Code §§ 1107 and 1108 authorize a debtor in possession to operate its business as a trustee in a chapter 11 case,[9] and courts afford broad deference to the reasonable business judgment of a debtor in possession.[10]

15.     Moreover, the Court may exercise its equitable powers to grant the relief requested herein. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title."[11]  It is within the Court's equitable power under § 105(a) to approve the continued use of the Bank Accounts and current Business Forms.

---

[6]     *See, e.g.*, *In re Roth Am., Inc.,* 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets.") (internal quotation omitted); *In re Nellson Nutraceutical Inc.*, 369 B.R. 787, 796 (Bankr. D. Del. 2007).

[7]     *Amdura Nat'l Distrib Co. v. Amdura Corp. (In re Amdura Corp.),* 75 F.3d 1447, 1453 (10th Cir. 1996) (*questioned on other grounds*).

[8]     *Id.*

[9]     *See Delgado Oil Co. v. Torres*, 785 F.2d 857, 860 (10th Cir. 1986).

[10]    *Bennett v. Williams*, 892 F.2d. 822, 824 (9th Cir. 1989).

[11]    11 U.S.C. § 105(a).

16.     The Debtor submits that in its business judgment, allowing the Debtor to continue to use its Bank Accounts during this bankruptcy case is appropriate given: (a) the Debtor's need to preserve the value of its business; and (b) the time, cost, and disruption associated with closing the current Bank Accounts and opening new bank accounts.

17.     Additionally, the Debtor's Bank Accounts allow the Debtor to monitor and control all of its cash receipts and disbursements efficiently.  During the pendency of its bankruptcy case, the Debtor intends to fund operations from existing cash and post-petition payments, all of which will run through the Bank Accounts.  If the Debtor is required to close all existing Bank Accounts immediately, the Debtor would need to expend resources and time to establish the requisite number of new bank accounts in an expedient manner to fulfill its business requirements.  This disruption to the ordinary financial affairs of the Debtor would be prejudicial to the Debtor's estate and its creditors.

18.     Under the circumstances of this case, the Debtor respectfully submits that closing its existing Bank Accounts and opening new ones would result in needless costs in both time and money, with no discernible benefit to the Debtor's estate.

19.     Similarly, the Debtor respectfully submits that preparing, ordering and purchasing new Business Forms will be an unnecessary cost and burden to the Debtor with no benefit to the estate.  Thus, the Debtor requests authority to continue to use its current Business Forms without reference to the Debtor's status as debtor in possession.  Such relief will allow the Debtor to avoid the costs and delays of ordering and preparing new business forms.  Upon depletion of the current stock of Business Forms, the Debtor will obtain new checks and forms that indicate the debtor in possession status.

**B.  The Bank Accounts Comply With 11 U.S.C. § 345**

20.     Section 345 governs a debtor's deposits and investments during a chapter 11 case.  Section 345(a) provides that a debtor is authorized to deposit money "as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."

21.     Section 345(b) provides: "Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States" a bond or deposit of securities is required from the institution where funds are deposited.[12]

22.     The Debtor's Bank Accounts are held at Wells Fargo, which is a federally insured banking institutions.[13]  Further, all amounts are fully insured within the Federal Deposit Insurance Corporation's deposit insurance coverage limits.[14]  Accordingly, the Debtor believes that its Bank Accounts are in compliance with Section 345.

23.     For the foregoing reasons, the Debtor requests that this Court: (i) waive the requirements under the Guidelines that the Debtor close its existing Bank Accounts, open new bank accounts, establish a bank account for taxes, and establish a bank account for cash collateral; and (ii) authorize the Debtor to continue to use its existing Bank Accounts and Business Forms in the ordinary course of business.  Absent such authority, significant and unnecessary disruption to the Debtor's business will occur.

---

[12]     11 U.S.C. §§ 345(a)-(b).

[13]     *See* FDIC website and searchable database at: http://www2.fdic.gov/IDASP/main.asp.

[14]     *See* FDIC "Deposit Insurance Summary" at: http://www.fdic.gov/deposit/deposits/.

24.     The Debtor represents that if the relief requested in this Motion is granted, it will not pay any debts incurred before the Petition Date other than as authorized by this Court.

25.     If the Court grants the relief requested herein, the Debtor intends to maintain and continue to use its existing Bank Accounts in the names and with the account numbers existing immediately prior to this Bankruptcy Case.  The Debtor would retain the right to: (i) close one or more of the Bank Accounts and open new debtor in possession bank accounts; (ii) deposit funds in, and withdraw funds from the Bank Accounts through all usual means, including, without limitation, checks, drafts, wires, credit card payments, transfers and other debits; (iii) treat the Bank Accounts for all purposes as debtor in possession accounts; and (iv) pay for bank services in the ordinary course of business.

26.     To ensure that its Bank Accounts continue without disruption in the event the Court grants the relief requested herein, the Debtor requests that the Court authorize and direct all banks with which the Debtor maintains the Bank Accounts to continue to maintain, service, and administer such Bank Accounts, including, without limitation, receiving, processing, honoring and paying any and all checks and transfers drawn on the Bank Accounts.

27.     The Debtor further requests that its banks be authorized to: (a) rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored; (b) honor the Debtor's directions with respect to the opening and closing of any Bank Account; and (c) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions.

## SATISFACTION OF BANKRUPTCY RULE 6003

28.     Bankruptcy Rule 6003 empowers this Court to grant relief regarding a motion to use, sell or lease property of the estate if the relief is necessary to avoid immediate and irreparable harm.[15]  Immediate and irreparable harm exists where the absence of relief would impair the Debtor's ability to reorganize or threaten its future as a going concern.[16]

29.     As described above, the Debtor's Bank Accounts are integral to its continued business operations.  For example, the Bank Accounts allow the Debtor to: (a) monitor and control all of its receipts and disbursements efficiently; (b) pay vendors; (c) pay its employees; and (d) otherwise fund and operate its business on a daily basis.  If the Debtor is required to close all existing Bank Accounts immediately, the Debtor would need to expend resources and time to establish the requisite number of new bank, which delay and disruption would be prejudicial to the Debtor's operations and its relationship with creditors, vendors and employees.  Accordingly, the Debtor respectfully submits that the facts and equities of this Motion satisfy the requirements of Bankruptcy Rule 6003.

30.     Additionally, to successfully implement the foregoing, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay under Bankruptcy Rule 6004(h) to the extent such Bankruptcy Rules are applicable.

---

[15]     See Fed. R. Bankr. P. 6003.

[16]     *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

## CONCLUSION

WHEREFORE, pursuant to 11 U.S.C. §§ 105(a), 345, 363, 1107, and 1108, the Debtor respectfully requests the entry of an Order authorizing the Debtor to continue to use its existing Bank Accounts and its existing Business Forms.  The Debtor also requests such other relief as is just and proper.

DATED this 23rd day of May, 2016.

**DORSEY & WHITNEY LLP**

*/s/ Steven T. Waterman*
Steven T. Waterman
Jeffrey M. Armington

*Proposed Attorneys for Debtor Perseon Corporation*