Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: waterman.steven@dorsey.com
      armington.jeff@dorsey.com
      thomson.michael@dorsey.com

*Attorneys for Debtor Perseon Corporation*
    *and Proposed Attorneys for Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>PERSEON CORPORATION,<br><br>Debtor. | Case No. 16-24435<br><br>Chapter 11<br><br>Chief Judge R. Kimball Mosier |

**APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DORSEY & WHITNEY LLP AS COUNSEL FOR THE DEBTOR**

Perseon Corporation ("Perseon" or "Debtor"), the above-captioned debtor in possession, hereby files this *Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Dorsey & Whitney LLP as Counsel for the Debtor* (the "Application") in accordance with 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, with Dorsey and Whitney LLP's ("Dorsey") employment to be effective as of the date hereof. This Application is supported by

the *Declaration of Steven T. Waterman* (the "Waterman Declaration") filed concurrently herewith. In support of this Application, the Debtor respectfully states, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. No prior application has been filed for the relief requested herein.

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (the "Court") thereby commencing this "Chapter 11 Case".

4. No trustee, examiner, or official committee of unsecured creditors has been appointed in this case. The Debtor is operating its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. Perseon is a publicly traded medical technology developer and manufacturer that is primarily focused on creating and manufacturing ablation technologies for treating cancer.

6. Perseon was organized as BSD Medical Corporation under Delaware law in 1986.

7. A detailed discussion of the Debtor's history, description of its business and the events that led to its need for bankruptcy relief are set forth in the *Declaration of Clinton E. Carnell Jr. in Support of Chapter 11 Petition and First Day Motions* (the "Omnibus Declaration") which has been filed with the Court.

## RETENTION OF DORSEY

8. The Debtor respectfully requests the entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code to employ Dorsey as its counsel to perform the legal services that will be necessary in this Chapter 11 case.

9. The Debtor has chosen Dorsey because certain of its attorneys have extensive experience and knowledge of bankruptcy, business reorganization, and debtor/creditor matters, and it has a long-standing client relationship with Dorsey. The attorneys who will be primarily engaged on this matter will be Steven T. Waterman, Nolan S. Taylor, Michael F. Thomson, and Jeffrey Armington. The services of other Dorsey attorneys, including but not limited to Megan K. Baker, Michael Newton, and John Wiest will also be utilized.

10. In addition, certain attorneys at Dorsey have extensive experience and knowledge in other areas of law, including corporate transactions, which are likely to be involved in this case and their services will also be utilized as necessary. The Debtor believes that Dorsey is both well qualified and able to represent the Debtor in this chapter 11 case.

11. Dorsey has indicated its willingness to represent the Debtor in this case, to render the services and to be compensated as set forth below.

## SCOPE OF REPRESENTATION BY DORSEY

12. The Debtor contemplates that Dorsey may provide the full range of legal services required to represent the Debtor in the course of this case, including:

    a. To prepare on behalf of the Debtor any necessary motions, applications, answers, orders, reports and papers as required by applicable bankruptcy or nonbankruptcy law, dictated by the demands of the case, or required by the Court, and to represent the Debtor in proceedings or hearings related thereto;

    b.    Provide advice to the Debtor with respect to its powers and duties as a debtor in possession in the continued conduct of its business;

    c.    Negotiate with creditors of the Debtor and other parties in interest in developing a plan of reorganization or liquidation, and taking any necessary steps to obtain confirmation of, and to implement such plan, including obtaining requisite financing;

    d.    Review, analyze and advise the Debtor regarding claims or causes of action to be pursued on behalf of the estate;

    e.    Assist the Debtor in negotiations with various creditor constituencies regarding an exit, resolution and payment of the creditors' claims herein;

    f.    Review and analyze the validity of the claims filed herein and advise the Debtor as to the filing of objections to claims, if necessary;

    g.    To provide continuing legal advice with respect to the bankruptcy, estate, litigation, avoidance actions and miscellaneous other legal matters; and

    h.    To perform all other necessary legal services as may be prompted by the needs of the Debtor in this case.

**DORSEY IS DISINTERESTED AND HOLDS NO ADVERSE INTEREST**

13.    Dorsey has stated its desire and willingness to act in this case and render the necessary professional services as counsel to the Debtor. Filed concurrent with this Application is the Waterman Declaration detailing all presently known connections of Dorsey to the Debtor. To the best of the Debtor's knowledge, Dorsey does not have any connection with the Debtor, its creditors or other parties in interest or their respective attorneys, except as set forth in the Declaration and is a disinterested person as that term is used in section 101(14) of the Bankruptcy Code. Therefore, Dorsey's retention by the Debtor under section 327 and 328 of the Bankruptcy Code is proper and appropriate.

**COMPENSATION**

14. The Debtor desires to employ Dorsey with reasonable compensation to be based upon Dorsey's normal hourly rates in matters of this type, subject to all necessary approvals of the Court. Prior to the Petition Date, for work performed in the last year, Dorsey has collectively received $766,199.09 from the Debtor as payment for corporate legal services unrelated to the bankruptcy filing. Prior to the filing of this Chapter 11 Case, Dorsey received $149,856.83 from the Debtor as payment for pre-Petition Date legal services provided by Dorsey to the Debtor related to the bankruptcy filing for work performed by Dorsey through May 11, 2016, which includes a $25,000 retainer that Dorsey holds as of the Petition Date. Dorsey will seek authority from the Court to be compensated for its fees and expenses incurred from May 12, 2016 through the Petition Date in Dorsey's first fee application. The Debtor understands that Dorsey will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and local rules and orders of this Court for all services performed and expenses incurred.

15. Dorsey's customary hourly rates in matters of this type are subject to change annually in accordance with the firm's general billing procedures. The range of current hourly billing rates for attorneys anticipated to perform the majority of services on behalf of the Debtor is $255 to $535. Dorsey's paraprofessional hourly rates range from $155 to $195.

16. Dorsey understands that all of its fees and expenses are subject to Court approval. Dorsey will abide by the Bankruptcy Code and its provisions and any order this Court may enter in relation to fee application procedures. Dorsey will also apply to the Court for allowance of

any compensation and reimbursement in this case and understands that its compensation in this case is subject to the prior approval of this Court, after notice and a hearing, in accordance with 11 U.S.C. §§ 327, 328, 330, and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, applicable guidelines issued by the Office of the United States Trustee, and any other applicable order of the Court.

17. Dorsey maintains detailed records of any actual and necessary expenses for which it may seek reimbursement. The professionals rendering services will also keep detailed records in connection with such services as required by the Bankruptcy Code. Time will be recorded in $1/10^{th}$ of an hour increments, and all attorneys and paralegals will be required to keep detailed time records in connection with services rendered herein.

18. Dorsey has not entered into any agreement to share compensation as may be awarded to it for services rendered in this case except as permitted under section 504(b) of the Bankruptcy Code.

## NOTICE

19. Notice of this Application has been given to the United States Trustee for the District of Utah and the Debtor's twenty largest unsecured creditors. Under the circumstances, the Debtor submits that no further notice is necessary or required.

20. No previous request for relief sought herein has been made to this or any other Court.

## CONCLUSION

21.  The Debtor believes it is in its best interest and that of the bankruptcy estate that Dorsey be retained as its counsel. The Debtor is satisfied from the Waterman Declaration that Dorsey does not represent any other entity having an adverse interest to the Debtor, the bankruptcy estate or unsecured creditors in this case and is otherwise disinterested.

WHEREFORE, the Debtor respectfully requests that (a) the Debtor be authorized, pursuant to 11 U.S.C. §§ 327 and 328, and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the law firm of Dorsey & Whitney, LLP as Debtor's counsel to represent it in this Chapter 11 case effective as of the date hereof; and (b) the Court grant such other and further relief as this Court deems just and necessary.

DATED this 23rd day of May, 2016.

**PERSEON CORPORATION**

_/s/ *Clinton E. Carnell, Jr.* _____
Clinton E. Carnell, Jr. Chief Executive Officer