Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: waterman.steven@dorsey.com
        armington.jeff@dorsey.com
        thomson.michael@dorsey.com

*Attorneys for Debtor Perseon Corporation
and Proposed Attorneys for Debtor in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>PERSEON CORPORATION,<br><br>Debtor. | Case No. 16-24435<br><br>Chapter 11<br><br>Chief Judge R. Kimball Mosier |

## APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF NIXON PEABODY LLP AS IP COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

Perseon Corporation ("Perseon" or "Debtor"), the above-captioned debtor in possession, hereby files this *Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Nixon Peabody LLP as IP Counsel for the Debtor Effective as of the Petition Date* (the "Application") in accordance with 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, with Nixon Peabody LLP's ("Nixon") employment to be effective as of May 23, 2016 (the "Petition

Date"). This Application is supported by the Declaration of David Crosby (the "Crosby Declaration") a copy of which is attached hereto as **Exhibit 1**. In support of this Application, the Debtor respectfully states, as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     No prior application has been filed for the relief requested herein.

### BACKGROUND

3.     On the Petition Date the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (the "Court").

4.     No trustee, examiner, or official committee of unsecured creditors has been appointed in this case. The Debtor is operating its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.     Perseon is a publicly traded medical technology developer and manufacturer that is primarily focused on creating and manufacturing ablation technologies for treating cancer.

6.     A detailed discussion of the Debtor's history, description of its business and the events that led to its need for bankruptcy relief are set forth in the *Declaration of Clinton E. Carnell Jr. in Support of Chapter 11 Petition and First Day Motions* (the "Omnibus Declaration") which has been filed with the Court.

## RETENTION OF NIXON

7.     The Debtor respectfully requests the entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code to employ Nixon as its intellectual property counsel to perform the Debtor's ongoing intellectual property legal services that will be necessary in this Chapter 11 case.

8.     The Debtor has chosen Nixon because certain of its attorneys have extensive experience and knowledge of intellectual property law, and the Debtor has a long-standing client relationship with Nixon.  The attorneys who will be primarily engaged on this matter will be David Crosby.

9.     Nixon has indicated its willingness to represent the Debtor in this case, to render the services and to be compensated as set forth below.

## SCOPE OF REPRESENTATION BY NIXON

10.    The Debtor contemplates that Nixon may provide the range of intellectual property legal services required to represent the Debtor in the course of this case, including:

     a.    Provide Patent Prosecution Services which may include:

        1)    Reviewing and responding to communications from the U.S. Patent office regarding the prosecution of pending U.S. Patent applications.

        2)    Reviewing and responding to communications from foreign associates concerning communications from foreign patent offices regarding the prosecution of pending foreign patent applications.

     b.    Notifying and counseling the Debtor regarding any of the above matters.

## NIXON IS DISINTERESTED AND HOLDS NO ADVERSE INTEREST

11.     Nixon has stated its desire and willingness to act in this case and render the necessary professional services as intellectual property counsel to the Debtor.  Filed concurrent with this Application is the Crosby Declaration detailing all presently known connections of Nixon to the Debtor.  To the best of the Debtor's knowledge, Nixon does not have any connection with the Debtor, its creditors or other parties in interest or their respective attorneys, except as set forth in the Declaration and is a disinterested person as that term is used in section 101(14) of the Bankruptcy Code.  Therefore, Nixon's retention by the Debtor under section 327 and 328 of the Bankruptcy Code is proper and appropriate.

## COMPENSATION

12. The Debtor desires to employ Nixon with reasonable compensation to be based upon Nixon's normal hourly rates in matters of this type, subject to all necessary approvals of the Court.  Prior to the Petition Date Nixon received $17,864.45 from the Debtor as payment for pre-petition intellectual property legal services rendered through May 23, 2016.  As of the time of the bankruptcy filing Nixon holds a retainer paid by the Debtor in the amount of $8,500.

13.     In light of the fact that Nixon's employment relates only indirectly to the administration of this chapter 11 case, the Debtor believes that Nixon is not a "professional" whose retention must be approved by the Court under section 327 of the Bankruptcy Code.  Specifically, the Nixon will provide intellectual property law services in connection with the Debtor's ongoing business operations, such services that are ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtor seeks to

-4-

retain Nixon, but to establish a mechanism to retain and pay Nixon in the ordinary course and to avoid any subsequent controversy with respect thereto.

14.    Because of the limited scope of Nixon's engagement, and because the cost to the Debtor's estate that would result from Nixon being compelled to file and defend fee applications could exceed the cost of the services Nixon provides to the Debtor, the Debtor seeks authority for Nixon to be retained as IP Counsel, but to be paid on an ongoing basis subject to the fee procedures described below (the "Fee Procedures"):

15.    The Debtor proposes that Nixon will submit its billing invoices on or before the 20th day after the month for which fees are sought to the Debtor and the United States Trustee for the District of Utah ("UST"). Either the Debtor or the UST will then have 15 days to notify Nixon of any objection to the fees sought. If Nixon does not receive any objection from the UST or the Debtor within the 15 day period, the Debtor will pay the amount of Nixon's fees in the ordinary course. If either the UST or the Debtor objects to Nixon's fees and the objection cannot be resolved between the parties, the Debtor will request a hearing before this Court to resolve such dispute.

16.    However, if the aggregate amount of fees sought by Nixon in this case exceeds $20,000 (the "Aggregate Fee Cap"), Nixon understands that it will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and local rules and orders of this Court for all services performed and expenses incurred.

17.    Nixon's customary hourly rates in matters of this type are subject to change annually in accordance with the firm's general billing procedures. The range of current hourly

billing rates for attorneys anticipated to perform the majority of services on behalf of the Debtor is $465 to $655. Nixon's paraprofessional hourly rates range from $220 to $260.

18.     Nixon understands that all of its fees and expenses are subject to Court approval. Nixon will abide by the Bankruptcy Code and its provisions and any order this Court may enter in relation to fee application procedures. Nixon will also apply to the Court for allowance of any compensation and reimbursement in this case to the extent that the amount of fees it seeks exceeds the Aggregate Fee Cap and understands that its compensation in this case is subject to the prior approval of this Court, after notice and a hearing, in accordance with 11 U.S.C. §§ 327, 328, 330, and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, applicable guidelines issued by the Office of the United States Trustee, and any other applicable order of the Court.

19.     Nixon maintains detailed records of any actual and necessary expenses for which it may seek reimbursement. The professionals rendering services will also keep detailed records in connection with such services as required by the Bankruptcy Code. Time will be recorded in 1/10th of an hour increments, and all attorneys and paralegals will be required to keep detailed time records in connection with services rendered herein.

20.     Nixon has not entered into any agreement to share compensation as may be awarded to it for services rendered in this case except as permitted under section 504(b) of the Bankruptcy Code.

21.     The Debtor believes it is in its best interest and that of the bankruptcy estate that Nixon be retained as its intellectual property counsel pursuant to the Fee Procedures. The Debtor is satisfied from the Crosby Declaration that Nixon does not represent any other entity having an

-6-

adverse interest to the Debtor, the bankruptcy estate or unsecured creditors in this case and is otherwise disinterested.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that (a) the Debtor be authorized, pursuant to 11 U.S.C. §§ 327 and 328, and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the law firm of Nixon Peabody LLP as Debtor's IP counsel to represent it in this Chapter 11 case effective as of the Petition Date; and (b) the Court grant such other and further relief as this Court deems just and necessary.

DATED this 1st day of July, 2016.

**DORSEY & WHITNEY LLP**

*/s/ Jeffrey M. Armington*
Steven T. Waterman
Michael F. Thomson
Jeffrey M. Armington

*Proposed Attorneys for Debtor Perseon Corporation*

# EXHIBIT 1

Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: waterman.steven@dorsey.com
        armington.jeff@dorsey.com
        thomson.michael@dorsey.com

*Attorneys for Debtor Perseon Corporation
and Proposed Attorneys for Debtor in Possession*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 16-24435 |
| PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Chief Judge R. Kimball Mosier |

---

### DECLARATION OF DAVID F. CROSBY IN SUPPORT OF APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF NIXON PEABODY LLP AS IP COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

---

I, David F. Crosby, being of lawful age, declare, certify, verify and state under penalty of perjury as follows:

1.    I am Counsel in the law firm of Nixon Peabody LLP ("Nixon"), and I am an attorney licensed to practice law in Massachusetts, including in the Massachusetts Federal

1

District Court. I am also admitted to practice before the U.S. Court of Appeals for the Federal Circuit and admitted to practice before the U.S. Patent and Trademark Office.

2.      This Declaration is made pursuant to 11 U.S.C. §§ 327 and 328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure in support of the *Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Nixon Peabody LLP as IP Counsel for the Debtor Effective as of the Petition Date* filed concurrently herewith by Perseon Corporation (the "Debtor" or "Perseon").

3.      I am authorized by Nixon to make this Declaration, and I have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to these facts, except where matters are stated on information and belief. As to those facts, I am informed and believe that they are true and correct.

4.      The Debtor has chosen Nixon because certain of its attorneys have extensive experience and knowledge of intellectual property law, and the Debtor has a long-standing client relationship with Nixon.

5.      The attorneys who will be primarily engaged on this matter will be myself. My biography is attached hereto as Exhibit A. In addition, certain other attorneys at Nixon have extensive experience and knowledge in other areas of law which are likely to be involved in this case.

6.      The range of current hourly billing rates for attorneys anticipated to perform the majority of services on behalf of the Debtor is $465 to $655. Nixon's paraprofessional hourly rates range from $220 to $260.

7.      Nixon understands that all of its fees and expenses are subject to Court approval. Nixon will abide by the Bankruptcy Code and its provisions and any order this Court may enter in relation to fee application procedures. Nixon will also apply to the Court for allowance of any compensation and reimbursement in this case to the extent that the amount of fees it seeks exceeds the Aggregate Fee Cap and understands that its compensation in this case is subject to the prior approval of this Court, after notice and a hearing, in accordance with 11 U.S.C. §§ 327, 328, 330, and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, applicable guidelines issued by the Office of the United States Trustee, and any other applicable order of the Court.

8.      Nixon maintains detailed records of any actual and necessary expenses for which it may seek reimbursement. The professionals rendering services will also keep detailed records in connection with such services as required by the Bankruptcy Code. Time will be recorded in $1/10^{th}$ of an hour increments, and all attorneys and paralegals will be required to keep detailed time records in connection with services rendered herein.

9.      Prior to the Petition Date Nixon received $17,864.45 from the Debtor as payment for pre-petition intellectual property legal services rendered through May 23, 2016. As of the time of the bankruptcy filing Nixon holds a retainer paid by the Debtor in the amount of $8,500. Nixon has not entered into any agreement to share compensation as may be awarded to it for services rendered in this case except as permitted under 11 U.S.C. § 504(b).

10.      In order to determine all connections of Nixon and its professionals for purposes of determining Nixon's eligibility to serve as counsel for the Debtor under 11 U.S.C. §§ 327 and 328, I directed that a conflicts check be performed using Nixon's standard conflicts check

3

Case 16-24435   Doc 67   Filed 07/01/16   Entered 07/01/16 11:47:01   Desc Main
Document   Page 12 of 22

procedures.  In preparing this Declaration, I caused to be submitted for review by our conflicts check system the names of the parties in interest (the "Parties in Interest") in this case.  The identities of the Parties in Interest were provided to us by the Debtor and are set forth on Exhibit B hereto.  The results of our conflict check were compiled and analyzed by Nixon attorneys acting under my supervision.

11.    To the best of my knowledge based on the information that I have as of this date, I believe that neither I nor Nixon, including its employees, has any connections to or conflicts of interest with, the Debtor, insiders of the Debtor, equity holders of the Debtor checked as set forth above, creditors, or any other known party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth immediately below.

- Island Waste Services, Ltd. and Allied Waste Systems, Inc., subsidiaries of Republic Services, are clients of Nixon in matters unrelated to this case.

- SunTrust Bank, the parent company of SunTrust Robinson Humphrey, Inc. is a client of Nixon in matters unrelated to this case.

12.    Nixon is a large international law firm headquartered in Boston, Massachusetts with offices throughout the world.  As such, Nixon has relationships with numerous clients, some of which may be or may have been creditors, equity holders or other parties in interest in this case. However, neither I nor Nixon will serve any party in a matter adverse to the Debtor in this case.  Also, there may be unrelated matters in which Nixon has provided and will provide services in the near future to various creditors or parties in interest in this case.  In my opinion,

these current and future representations, if any, do not and will not constitute materially adverse interests.

      13.    To the best of my knowledge, neither I nor Nixon has any connections with the Bankruptcy Court or the Office of the United States Trustee that would prohibit employment under Rule 5002 of the Federal Rules of Bankruptcy Procedure.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct to the best of current information, knowledge and belief.

      Dated this __28__ day of June, 2016.

                                  David F. Crosby

5

**<u>EXHIBIT A</u>**

6/28/2016

David F. Crosby





## CONTACT

**David F. Crosby**
Counsel

**Boston**
Phone: 617-345-1254

Fax: 866-420-1301
dcrosby@nixonpeabody.com

## SERVICES

Intellectual Property Litigation
Intellectual Property
Electronic Discovery & Digital Evidence
Big Data
Startups
Patents
Data Privacy & Cybersecurity

## EDUCATION

New England School of Law, J.D.
Rensselaer Polytechnic Institute, B.S.

## ADMISSIONS

Massachusetts
U.S. Patent and Trademark Office

## AFFILIATIONS

David sits on the boards of the New England Israel
Business Counsel and the Boston-Israel Business
Forum. He is the chairman of the Water
Management Advisory Committee for the Town of
Sharon, Massachusetts. David has lectured on new
technologies and intellectual property at the
Fletcher School of Law and Diplomacy. He is also a
member of the BPLA, the IEEE and the ACM.

# DAVID F. CROSBY

David Crosby is a counsel in the Patents Group. He focuses his practice on intellectual property counseling and enforcement.

## What do you focus on?

I work with clients to help them develop and implement intellectual property strategies that are tailored to their business needs.

Having worked as a software and systems engineer, an in-house corporate counsel and as an examiner in the U.S. Patent Office, has given me hands-on experience to help my clients develop and implement business processes for identifying and protecting their intellectual property. I also help my clients navigate their competitive landscape through freedom-to-operate counseling and assist with strategic acquisitions and due diligence.

I enjoy working with early stage companies and helping entrepreneurs to protect their ideas.

My practice also involves advising companies that receive government funding for technology development and helping them to understand and comply with the Federal Acquisition Regulations (FARs).

Important areas of concentration for me include: medical devices and diagnostic systems, computer software, encryption, computer networking devices and telecommunications systems (wired and wireless), secure communications and image processing.

## What do you see on the horizon?

We will continue to see periods of uncertainty regarding the patent-eligibility of business and medical diagnostic methods and companies will need to consider using a more diverse portfolio of intellectual property, technology and business tools to protect their business assets.

## Media Clips

http://www.nixonpeabody.com/show/blogs.aspx?Show=True

29

## NP Privacy Partner Blog
### Staying ahead in a data-driven world: insights from our Data Privacy & Security team

8/23/2016

### David F. Crosby

*Lexis360* | January 14, 2016
- **Life Cycle Approach to Data Rights Can Help Contractors**
  Boston IP Counseling & Transactions counsel David Crosby and Washington, DC, associate David Kldanh co-authored this column regarding implications arising from the 2015 Army Data & Data Rights Guide for military service professionals and other contractors.

*Lexis360* | June 12, 2014
- **USPTO Plan to Speed Up Patent Apps Will Limit Protection**
  Boston IP Counseling & Transactions partner David Crosby discusses a new U.S. Patent and Trademark Office program that will speed up the process by which software patent applications are processed.

### Ideas

Taking a life cycle approach to data rights could increase contract awards
*Government Contracts Alert* | January 8, 2016

What's trending on NP Privacy Partner
*NP Privacy Partner* | August 28, 2015

What's trending on NP Privacy Partner
*NP Privacy Partner* | July 31, 2015

What's trending on NP Privacy Partner
*NP Privacy Partner* | May 8, 2015

What's trending on NP Privacy Partner
*NP Privacy Partner* | April 17, 2015

What's trending on NP Privacy Partner
*NP Privacy Partner* | March 20, 2015

What's trending on NP Privacy Partner
*NP Privacy Partner* | February 6, 2015

What's trending on NP Privacy Partner
*NP Privacy Partner* | November 7, 2014

Webinar Recording: Tech Talk 101: are you fluent in the language of data security?
*Originally recorded October 8, 2014* | October 14, 2014

What's trending on NP Privacy Partner
*NP Privacy Partner* | September 26, 2014

The Supreme Court did not kill software patents in its decision in *Alice Corp. v. CLS Bank*
*Intellectual Property Alert* | June 19, 2014

What's trending in data privacy & security
*Privacy Alert* | May 30, 2014

### Press

Nixon Peabody represents Autotask Corporation in acquisition by Vista Equity Partners
July 1, 2014

Nixon Peabody Advises in 3M's Acquisition of Treo Solutions
April 1, 2014

### Events

Webinar: Tech Talk 101: are you fluent in the language of data security?
October 8, 2014

6/28/2016

David F. Crosby

IoT Olympiad
May 2, 2014 | Boston, MA

**EXHIBIT B**

## Name of Party

ADT Security Services
American Shredding
American Western Interior Services
American Western Investment Services
Anthony Dale Weeks
Antonio Vi al & Co. Abogados
Appleton Medical Services
Aramark Refreshment Svcs
Arizona Department of Revenue
Jeffrey M Armington
Arrow Electronics, Inc.
Atlas Case Inc.
BACS
Benjamin Curtis Beckham
Brenda Noreik
Brian Meltzer
CEA Medical Manufacturing, Inc.
Kenneth L. Cannon II
Certify, Inc.
Chorus Call, Inc.
Clinton E. Carnell, Jr.
Cognizant Technology Solutions US Corp.
Cole-Parmer Instr. Con.
Comed Medical Specialties, LLC
Compandben International
Compandben SA
Converge
Credit Collection Services
DQS Medizinprodukte GmbH
Damian E. Dupuy, M.D.
David Green
De Lage Landen
Delaware Department of Revenue
Dennis Green
Digi-Key Corporation
Domo, Inc.
Dr. Jean Yves Gaubert
Anna W. Drake
Eclipse Product Development, Inc.
Elcon Precision LLC
Employment Development Dept
Farmer John's Landscaping

8

Financial Profiles
First Digital Telecom
Flexpak
Florida Department of Revenue
Franchise Tax Board
Galil Medical Inc.
Harold R. Wolcott
HealthSTAR Public Relations
Henriksen Butler Design Group
Hogan Lovells US LLP
Jennifer R. Hoglin
I.D.E.S.
Illinois Department of Employment Security
(p)INTEGRA TELECOM
Internal Revenue Service
Jeannie Walls
Jessica Bouchat TERUMO Europe NV
John Groen
Julene Cray
KAX Company LLC
KOL Bio-Medical Instruments, Inc.
Kansas Department of Revenue
Kax Co. L.L.C.
KeepItSafe, Inc.
Knapp Healthcare Communications, LLC
Kristine Bates
Latham & Watkins
Les Olson Company
Life Science Outsourcing, Inc.
Litho Flexo Graphics Inc.
Luis Miguel Reis Henriques Lopes
Mastercraft Machine
McDaniel Advanced Ceramic Technologies
McMaster-Carr Supply Co.
MedLink Technologies, LLC
MegaPath
Merit Medical
Merrill Communications LLC
Michael Dachman
Michael Houskeeper
Modellers
John T. Morgan
MultiLing Corporation
Mutual of Omaha

NASDAQ Stock Market LLC
NYS Assessment Receivables
New York State Department of Labor
New York State Department of Taxation and Finance
Newark Electronics
North American Logistics Service
OTC Stock Transfer, Inc.
Oregon Department of Revenue
Oregon Employment Tax
PCB Solutions Inc.
PacifiCorp dba Rocky Mountain Power/Pacific
Penelope Parmes
Parsons, Behle & Latimer
Payroll Perfect Inc.
Pennsylvania Department of Revenue
Perelson Temporary Staffing, LLC
Perseon Corporation
Pete Spuler
Peter Vitulli
Pinnacle Exhibits, Inc.
Progressive Technology, Inc.
Pure Water Solutions, Inc.
Quality Plating Co. Inc.
R. Kimball Mosier
Republic Services
Revenue Cycle Inc.
Riley Astill
Ryan Patterson
Sage M. Sigler
Salt Lake County Assessor
Somacis Inc.
South Salt Lake Storage LLC
Standard Parking
State of Florida - Department of Revenue
State of Utah-Office of the Atty General
Steven G. Stewart
Stratus HR
Strong & Hanni, P.C.
SunTrust Robinson Humphrey, Inc.
Sure Systems
Surface Solutions Group, LLC
Synchrony Bank
Tailfin Marketing, LLC
TalentCare

Tanner LLC
Technology Assessment & Transfer, Inc.
Terminix Commercial
Terumo Europe NV
The Delaware Department of State
Thorpe North & Western
Three Seeds Ventures
Timothy C. McQuay
Todd H. Turnlund
U of L Dept of Surgery
United States Securities and Exchange Commission
United States Trustee
University of Utah
Utah Department of Workforce Services
Utah State Tax Commision
Veracity Networks
Vernay Laboratories
Wasatch Employee Benefit Service
Steven T. Waterman
Whipsaw
Worldwide Express
Wrayzier LC, dba Offiset Backups