John T. Morgan (USB #3839)
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
405 South Main Street, Suite 300
Ken Garff Building
Salt Lake City, Utah    84111
Telephone:    (801) 524-5734
Facsimile:    (801) 524-5628
Email: John.T.Morgan@usdoj.gov

Attorney for Patrick S. Layng, United States Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| In re:<br><br>**PERSEON CORPORATION**,<br><br>Debtor. | **Bankruptcy Case No. 16-24435 RKM**<br><br>(Chapter 11)<br>Chief Judge R. Kimball Mosier |
|---|---|

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO ASSUME DEBTOR'S MODIFIED EMPLOYMENT AGREEMENT WITH CLINTON E. CARNELL JR.**

Patrick S. Layng, the Acting United States Trustee for Region 19 ("U.S. Trustee), by and through his attorney, John T. Morgan, hereby files this objection ("Objection") to the Debtor's Motion for Entry of an Order Authorizing Debtor to Assume Debtor's Modified Employment Agreement with Clinton E. Carnell, Jr. (hereinafter "Motion") as follows:

1. On May 23, 2016 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of tile 11 of the United States Code, in the United States Bankruptcy Court for the District of Utah.

2. The Debtor remains in possession of its assets and continues to manage its business as a debtor-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code. No committee of unsecured creditors has been appointed in this case.

3. The Debtor has styled its Motion in terms of assuming a modified employment agreement with the Debtor's CEO and President Clinton E. Carnell, Jr.  The modified agreement provides for payment of a "success bonus" of $600,000, entitled to administrative priority under §503(b)(1)(A), and additional compensation of $250,000.  This combined amount of $850,000 represents 19.54% of the gross sales proceeds in the currently pending sale of the Debtor's assets under the Asset Purchase Agreement.

4. The Debtor filed its Motion on June 27, 2016, and obtained an Order shortening time for the hearing to 15 days.  The time provided for giving notice and filing objections is insufficient under the circumstances of this case.

5. While not styled as a KERP, the relief requested and the specific monetary provisions the Debtor is asking the Court to approve appear very similar to a retention bonus program governed by the provisions of 11 U.S.C. §503(c)(1).  The label a debtor gives to a bonus plan to avoid the application of section 503(c)(1), "must be viewed with skepticism; the circumstances under which the proposal is made and the structure of the compensation package control."  *In re Residential Capital,* 478 B. R. 154, 170 (Ban kr. S.D.N.Y.2012).

6. While the Bankruptcy Code does not prohibit retention bonuses to insiders of Debtors, § 503(c)(1) of the Bankruptcy Code sets forth precise requirements as to when such bonuses can be paid, and such payments generally are "severely restricted." *In re Global Home Products,* 369 B.R. 778 (Bankr. D.Del. 2007). Courts should examine bonus plans "mindful of the practice that Congress sought to eradicate and . . . determine whether the proposed targets are designed to motivate insiders to rise to a challenge or merely report to work." *In re Hawker Beechcraft, Inc.*, 479 B.R. 308, 313 (Bankr. S.D.N.Y. 2012).

7. There has not been an adequate showing as to why Mr. Carnell's position with and ongoing services to the company are essential in light of the pre-petition Asset Purchase Agreement which will dispose of essentially all of the Debtor's assets by the end of July, 2016. Indeed, Mr. Carnell appears to have already "moved on" having sold his Park City, Utah residence earlier this year, and purchased a residence in Newport Beach, California.

8. Section 503(c)(1) of the Bankruptcy Code prohibits any "transfer made to, or an obligation incurred for the benefit of an insider of the debtor for the purpose of inducing such person to remain with the debtor's business, absent a finding by the court based on evidence in the record" of the following:

> (A) the transfer or obligation is essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation;
> (B) the services provided by the person are essential to the survival of the business; and
> (C) either—

>> (i) the amount of the transfer made to, or obligation incurred for the benefit of, the person is not greater than an amount equal to 10 times the amount of the mean transfer or obligation of a similar kind given to nonmanagement employees for any purpose during the calendar year in which the transfer is made or the obligation is incurred; or
> (ii) if no such similar transfers were made to, or obligations were incurred for the benefit of, such nonmanagement employees during such calendar year, the amount of the transfer or obligation is not greater than an amount equal to 25 percent of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred.

11 U.S.C. §503(c)(1) (emphasis added).

9. Congress added section 503(c) to the Bankruptcy Code in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") to "eradicate the notion that executives were entitled to bonuses simply for staying with the Company through the bankruptcy process." *In re Global Home Products, LLC,* 369 B.R. 778, 784 (Bankr. D. Del. 2007)(citations omitted); s*ee also In re Residential Capital, LLC*, 478 B.R. 154, 169 (Bankr. S.D.N.Y. 2012)("[I]t is widely acknowledged that the amendment was a response to perceived abuses of the bankruptcy system by 'the executives of giant companies . . . who lined their own pockets, but left thousands of employees and retirees out in the cold.'"); *In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 800 (Bankr. D. Del. 2007) (quoting *In re Dana Corp.*, 358 B.R. 567, 575 (Bankr. S.D.N.Y. 2006)("*Dana II*") and Statement of Senator Edward Kennedy (March 1, 2005)).

10. The Debtor has the burden of providing evidentiary support to establish that the proposed assumption of the modified contract with Mr. Carnell is not a disguised retention plan governed by section 503(c)(1). Notwithstanding the Debtor's assertion that the modified agreement is superior to the original employment contract, the contracts are not the end of the analysis and this Court must find that the modified agreement is reasonable and the contractual provisions are fair and equitable. It is unclear what value the Debtor is receiving from the modified agreement in a case where the "deal" is already done.

11. The Debtor fails to address how the legal standard for approval of the modified employment agreement is not any portion of 503(c) of the Code, but rather the business judgment rule, under section 363(b)(1) of the Code. In this regard, the Debtor overlooks and fails to accord proper meaning to the restrictions imposed by Section 503(c). The Debtor is seeking authority to incur an administrative expense for the payments to Mr. Carnell which is arguably and actually a KERP under 11 U.S.C. §503(c)(3).

12. In enacting section 503(c), Congress clarified and specifically limited what might otherwise be allowed as an administrative expense under section 503(b). Section 503(b) of the Bankruptcy Code provides that:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502 (f) of this title, including—
>> (1)(A) the actual, necessary costs and expenses of preserving the estate including—

        (i) wages, salaries, and commissions for services rendered after the commencement of the case;

11 U.S.C. § 503(b)(emphasis added).

13. The Court must make an independent determination that any incentive-based bonuses to insiders, are justified by the facts and circumstances of the case, rather than deferring to the Debtor's business judgment. The U.S. Trustee asserts that the Debtor has failed to meet its burden to show that the proposed payments to Mr. Carnell are not a retention bonus plan, and that it complies with the requirements of §503(c)(1) of the Code. The Debtor has not done so, and therefore the Motion should be denied.

WHEREFORE, the United States Trustee requests that this Court deny the Motion as presently constituted, and condition approval of any payments to Mr. Carnell upon compliance with the provisions of §503(c)(1) of the Code, and grant such other relief as this Court deems appropriate, fair and just.

DATED: July 11, 2016

Respectfully submitted,

/s/
John T. Morgan
J. Vincent Cameron
Attorneys for Patrick S. Layng,
United States Trustee

## CERTIFICATE OF MAILING

      I HEREBY CERTIFY that, on July 11, 2016, I caused a true and correct copy of the foregoing **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO ASSUME DEBTOR'S MODIFIED EMPLOYMENT AGREEMENT WITH CLINTON E. CARNELL JR.** to be electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System as noted below:

- Jeffrey M Armington     armington.jeff@dorsey.com, asmus.natasha@dorsey.com, ventrello.ashley@dorsey.com
- Kenneth L. Cannon     kcannon@djplaw.com, khughes@djplaw.com
- Anna W. Drake     drake@millertoone.com
- Michael R. Johnson     mjohnson@rqn.com, docket@rqn.com, dburton@rqn.com
- Penelope Parmes     Penelope.Parmes@troutmansanders.com
- E. Scott Savage     ssavage@sywlaw.com
- Steven T. Waterman     waterman.steven@dorsey.com, bingham.karen@dorsey.com, ventrello.ashley@dorsey.com

      Further, I certify that I caused copies of the **OBJECTION** to be forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

Jeffrey Chubak, Esq.
Storch Amini & Munves PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017

                                                    /s/
                                          John T. Morgan