Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email:  waterman.steven@dorsey.com
           armington.jeff@dorsey.com
           thomson.michael@dorsey.com

*Attorneys for Debtor Perseon Corporation
and Proposed Attorneys for Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Case No. 16-24435 |
|---|---|
| PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Judge R. Kimball Mosier |

**SUPPLEMENTAL DECLARATION OF STEVEN T. WATERMAN IN SUPPORT OF APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPOLYMENT OF DORSEY & WHITNEY LLP AS COUNSEL FOR THE DEBTOR**

I, Steven T. Waterman, being of lawful age, declare, certify, verify and state under penalty of perjury as follows:

1. I am a partner in the law firm of Dorsey & Whitney LLP, with a Salt Lake City office ("Dorsey"), and I am an attorney licensed to practice law in Utah, including in all federal courts within Utah, as well as in other courts and jurisdictions.

2. This Supplemental Declaration is made pursuant to 11 U.S.C. §§ 327 and 328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure in support of the *Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Dorsey & Whitney LLP, as Counsel for the Debtor* [Docket No. 14] (the "Application") filed by Perseon Corporation (the "Debtor" or "Perseon").

3. I am authorized by Dorsey to make this Declaration, and I have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to these facts, except where matters are stated on information and belief. As to those facts, I am informed and believe that they are true and correct.

4. I have obtained from the Dorsey accounting department a ledger of invoices issued and payments received from the Debtor during the 90 day period prior to the filing of this petition.

5. I have been informed that all payments were received in the standard operations of Dorsey.

6. I have reviewed the accounting information of the invoices that reflect the date on which generated and that those invoices are typically mailed within two days of the date of creation.

7. The payment dates reflect the dates on which payments are posted to the account which is typically within one business day of receipt.

8. In some instances there are multiple invoices on the same dates and in those circumstances the cumulative amounts are reflected.

9.     Below is summary of those invoice dates by Dorsey and payment dates by the Debtor during the 90-day period prior to the Debtor's May 23, 2016 petition date (the "Petition Date").

| Invoice(s) Date | Invoice(s) Amount | Payment Date | Payment Amount |
|---|---|---|---|
| 1/13/2016 | $12,301.21 | 3/28/2016 | $12,301.21 |
| 2/11/2016 | $15,558.77 | 3/31/2016 | $15,558.77 |
| 3/9/2016 | $22,508.84 | 3/31/2016 | $22,508.84 |
| 4/15/2016 | $19,818.85 | 4/30/2016 | $19,818.85 |
| 5/5/2016 | $65,184.37 | 5/20/2016 | $65,184.37 |
| 5/16/2016 | $97,196.94 | 5/20/2016 | $97,196.94 |
| 5/20/2016 | $999.99 | 5/20/2016 | $999.99 |

10.    Based on my review of the invoice dates and payment dates, I have determined that the Debtor's payment of Dorsey's January 13, 2016 invoice(s) on March 28, 2016 in the amount of $12,301.21, may not qualify as a contemporaneous exchange for new value or as the ordinary course of business, because the Debtor's payment was untimely made.

11.    I believe that all other payments made by the Debtor to Dorsey during the 90-day period prior to the Petition Date were contemporaneous exchanges and are not preferences.[1]

12.    Accordingly, rather than prolong the argument, Dorsey has decided to disgorge the amount of the arguably preferential transfer to the Debtor's estate by adding $12,301.21 to

---

[1]    *See In re Roberts*, 46 B.R. 815, 850 (Bankr. D. Utah 1985) ("It is the opinion of this Court that, even without obtaining such a pre-service retainer, a law firm that bills regularly and is paid in the ordinary course of its business and the business of the debtor, would obtain its fees as part of a contemporaneous exchange.").

the amount of Dorsey's retainer in this bankruptcy case and to forego any unsecured claim relating to that sum.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct to the best of current information, knowledge and belief.

Dated this 15th day of July, 2016.

> */s/ Steven T. Waterman*
> Steven T. Waterman