*Prepared and Submitted By:*
Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: waterman.steven@dorsey.com
       thomson.michael @dorsey.com
       armington.jeff@dorsey.com

*Attorneys for Debtor Perseon Corporation*
*and Proposed Attorneys for Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | Case No. 16-24435 |
| PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Chief Judge R. Kimball Mosier |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING DEBTOR TO REINSTATE SALARY PURSUANT TO DEBTOR'S**
**EMPLOYMENT AGREEMENT WITH CLINTON E. CARNELL JR.**

The matter before the Court is the *Motion for Entry of an Order Authorizing Debtor to*

*Assume Debtor's Modified Employment Agreement with Clinton E. Carnell Jr.* [Docket No. 63]

(the "<u>Motion</u>").[1]   The Motion was properly served through the Court's CM/ECF system on all

parties that receive electronic service in this case.   A *Notice of Hearing* on the Motion [Docket

No. 65] was served on the Debtor's creditor matrix as set forth in the *Certificate of Service*

[Docket No. 66] and no further notice of the Motion is required.   On June 27, 2016, the Court

entered an Order [Docket No. 64], which set a hearing on the Motion for July 12, 2016 (the "<u>July</u>

<u>12 Hearing</u>") and established a July 11, 2016 deadline for filing responses to the Motion (the

"<u>Objection Deadline</u>").   Objections to the Motion were filed prior to the Objection Deadline by

B.E. Capital Management Fund L.P. [Docket No. 79], Paul Schwartz [Docket No. 82]; Alec

Epting [Docket No. 83], and the United States Trustee [Docket No. 87] (collectively, the

"<u>Objections</u>").   After argument at the July 12 Hearing, the Court continued the hearing on the

Motion to July 19, 2016 (the "<u>Continued Hearing</u>") and authorized the Debtor to supplement the

Motion in advance of the Continued Hearing.   On July 15, 2016, the Debtor filed an amendment

to the Motion [Docket No. 104], which stated that the Debtor had considered the Objections and

the Court's comments at the July 12 Hearing and intended to seek approval from the Debtor's

board of directors (the "<u>Board</u>") to reinstate Mr. Carnell's salary effective as of the Petition Date

under the original version of Mr. Carnell's Employment Agreement without any amendment.

On July 18, 2016, the Debtor filed a copy of the Board resolution [Docket No. 118], which

reinstated Mr. Carnell's salary effective as of the Petition Date.

The Court has considered the Motion, the Objections, the additional pleadings filed by

the Debtor in connection with the Motion, the arguments of counsel at the July 12 Hearing and

---

[1]     Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Motion.

the Continued Hearing, and applicable law.  Accordingly, and for good cause otherwise appearing,

**IT IS HEREBY ORDERED THAT:**

1.      The Objections are **OVERRULED**;

2.      The Debtor is authorized to reinstate Mr. Carnell's salary effective as of the Petition Date under the original version of the Employment Agreement;

3.      The Debtor is authorized to pay Mr. Carnell's salary and the pro rata portion of Mr. Carnell's minimum annual bonus in periodic installments in accordance with the Debtor's customary payroll practices; and

4.      The Employment Agreement is neither assumed nor rejected at this time.

(End of Document)