*Prepared and Submitted By:*
Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: waterman.steven@dorsey.com
thomson.michael @dorsey.com
armington.jeff@dorsey.com

*Attorneys for Debtor Perseon Corporation*
*and Proposed Attorneys for Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>PERSEON CORPORATION,<br><br>Debtor. | Case No. 16-24435<br><br>Chapter 11<br><br>Chief Judge R. Kimball Mosier |

**ORDER GRANTING APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF NIXON PEABODY LLP AS IP COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

The matter before the Court is the *Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Nixon Peabody LLP as IP Counsel for the Debtor Effective as of the Petition Date* [Docket No. 67] (the "Application").[1] The Application was properly served through the Court's CM/ECF system on all parties that receive electronic service in this case. A *Notice of Hearing* on the Application [Docket No. 68] was served on the Debtor's creditor matrix as set forth in the *Certificate of Service* [Docket No. 124] and no further notice of the Application is required. No responses to the Application have been filed.

The Court has considered the Application, the *Declaration of David F. Crosby in Support of the Application*, which was attached to the Application as Exhibit 1, and applicable law. Based thereon, the Court finds that: (i) the employment of Nixon Peabody LLP ("Nixon") as the Debtor's IP counsel is in the best interests of the Debtor's bankruptcy estate; (ii) Nixon does not represent any interest adverse to the Debtor or the bankruptcy estate; and (iii) Nixon is a "disinterested person" as that term is defined in the Bankruptcy Code. Accordingly, and for good cause otherwise appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED**;

2. The Debtor is authorized under 11 U.S.C. §§ 327 and 328 and Federal Rule of Bankruptcy Procedure 2014 to employ Nixon as the Debtor's IP counsel.

3. Nixon shall submit its billing invoices on or before the 20th day after the month for which fees are sought to the Debtor and the UST. Either the Debtor or the UST will then have 15 days to notify Nixon of any objection to the fees sought. If Nixon does not receive any

[1] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Application.

objection from the UST or the Debtor within the 15 day period, the Debtor will pay the amount of Nixon's fees in the ordinary course. If either the UST or the Debtor objects to Nixon's fees and the objection cannot be resolved between the parties, the Debtor will request a hearing before this Court to resolve such dispute; and

4. If the aggregate amount of fees sought by Nixon in this case exceeds $20,000 (the "Aggregate Fee Cap"), Nixon shall apply to this Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and local rules and orders of this Court for all services performed and expenses incurred.

---

(End of Document)