*Prepared and Submitted By:*
Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: waterman.steven@dorsey.com
thomson.michael @dorsey.com
armington.jeff@dorsey.com

*Attorneys for Debtor Perseon Corporation*
*and Proposed Attorneys for Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Case No. 16-24435 |
|---|---|
| PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Chief Judge R. Kimball Mosier |

**ORDER GRANTING APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DORSEY & WHITNEY LLP AS COUNSEL FOR THE DEBTOR IN POSSESSION**

The matter before the Court is the *Application of The Debtor for Entry of an Order Authorizing the Retention and Employment of Dorsey & Whitney LLP as Counsel for the Debtor*

[Docket No. 14] (the "Application"). The Application was properly served through the Court's CM/ECF system on all parties that receive electronic service in this case. A *Notice of Hearing* on the Application [Docket No. 42] was served on the Debtor's creditor matrix as set forth in the *Certificate of Service* [Docket No. 44] and no further notice of the Application is required. The Debtor also filed the *Declaration of Steven T. Waterman in Support of the Application* [Docket No. 15] (the "Waterman Declaration"). On July 8, 2016, B.E. Capital Management Fun LP ("B.E.") filed an objection to the Application [Docket No. 78] (the "B.E. Objection"), which objected to the retention of Dorsey & Whitney LLP ("Dorsey") as counsel for the Debtor in Possession. After hearing argument on the Application on July 12, 2016 (the "July 12 Hearing"), the Court continued the hearing on the Application to July 19, 2016 (the "July 19 Hearing") and authorized the Debtor to supplement the Application in advance of the Continued Hearing. On July 15, 2016, the Debtor filed the *Supplemental Declaration of Steven T. Waterman in Support of the Application* [Docket No. 102] (the "Supplemental Waterman Declaration"), which detailed payments made by the Debtor to Dorsey during the 90-day preference period prior to the Petition Date, and disclosed that Dorsey agreed to return $12,301.21 (the "January Disputed Amount"), the amount the Debtor paid to Dorsey on account of Dorsey's December 2015 invoices, to the Debtor by adding it to Dorsey's retainer in this case. On July 18, 2016, B.E. filed a response to the Supplemental Waterman Declaration [Docket No. 117] (the "B.E. Response"). At the July 19 Hearing, the Court heard argument on the Application and continued the hearing on the Application to July 26, 2016 (the "July 26 Hearing"). On July 22, 2016, the Debtor filed the *Second Supplemental Declaration of Steven T. Waterman in Support of the Application* [Docket No. 138] (the "Second Supplemental Waterman Declaration"), which disclosed that Dorsey

agreed to return $15,573.07 (the "February Disputed Amount"),[1] the amount the Debtor paid to Dorsey on account of Dorsey's January 2016 invoices, to the Debtor by adding it to Dorsey's retainer in this case and Dorsey stated that it would waive any claim related to the January Disputed Amount and the February Disputed Amount.

The Court has considered the Application, the Waterman Declaration, the Supplemental Waterman Declaration, the Second Supplemental Declaration, the arguments of counsel at the July 12 Hearing, the July 19 Hearing, and the July 26 Hearing, and applicable law. Based thereon, the Court finds that: (i) the employment of Dorsey as counsel for the Debtor in Possession is in the best interests of the Debtor's bankruptcy estate; (ii) Dorsey does not represent any interest adverse to the Debtor or the bankruptcy estate; (iii) Dorsey is a "disinterested person" as that term is defined in the Bankruptcy Code; and (iv) with the exception of the January Disputed Amount and the February Disputed Amount, all amounts paid by the Debtor to Dorsey during the 90-day preference period prior to the Petition Date were substantially contemporaneous exchanges for value. Accordingly, and for good cause otherwise appearing,

**IT IS HEREBY ORDERED THAT:**

1. The B.E. Objection and the B.E. Response are **OVERRULED**;

2. The Application is **GRANTED**;

[1] In the Second Supplemental Declaration, Dorsey incorrectly stated that the February Preference Amount was $15,558.77. However, upon consulting with Dorsey's accounting department, Dorsey determined that the February Preference Amount was $15,573.01, which represents a $15 difference from the amount stated in the Second Supplemental Declaration. Consequently Dorsey will repay the higher amount.

3. Dorsey is directed to comply with its agreement to return the January Disputed Amount and the February Disputed Amount to the Debtor and Dorsey will have no claim for those sums pursuant to 11 U.S.C. § 502(h).

4. The Debtor in Possession is authorized under 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014 to employ Dorsey as counsel for the Debtor in Possession; and

5. Dorsey shall be compensated in such amounts as Dorsey may be allowed by this Court upon the filing of appropriate applications for allowance of interim or final compensation in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Rules and orders of this Court.

---

(End of Document)