Michael Johnson (A7070)
David H. Leigh (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Tel: (801) 532-1500
Fax: (801) 532-7534
Email: mjohnson@rqn.com
Email: dleigh@rqn.com


    - and -

Jeffrey Chubak (admitted *pro hac vice*)
**STORCH AMINI & MUNVES PC**
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 490-4100
Fax: (212) 490-4208
Email: jchubak@samlegal.com

*Attorneys for B.E. Capital Management Fund LP*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 16-24435 |
| PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Honorable R. Kimball Mosier |

### NOTICE OF APPEAL

B.E. Capital Management Fund LP hereby appeals the *Order Granting Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Dorsey & Whitney LLP as Counsel for the Debtor in Possession*, entered August 3, 2016, a copy of which is attached hereto, to the United States Bankruptcy Appellate Panel of the Tenth Circuit.

The names of all parties to this appeal and the names, addresses, and telephone numbers

of their respective attorneys are:

| Party Name | Attorney Name, Address, Telephone No. |
|---|---|
| B.E. Capital Management Fund LP | Michael Johnson<br>David H. Leigh<br>Ray Quinney & Nebeker P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, Utah 84111<br>(801) 532-1500<br><br>- and -<br><br>Jeffrey Chubak<br>Storch Amini & Munves PC<br>140 East 45th Street, 25th Floor<br>New York, New York 10017<br>(212) 490-4100 |
| Perseon Corporation | Steven T. Waterman<br>Jeffrey Armington<br>Dorsey & Whitney LLP<br>136 South Main Street, Suite 1000<br>Salt Lake City, Utah 84101<br>(801) 933-7360 |

DATED this 17th day of August, 2016.

**RAY QUINNEY & NEBEKER P.C.**


/s/ Michael Johnson
Michael Johnson (A7070)
David H. Leigh (A9433)

- and -

Jeffrey Chubak (admitted *pro hac vice*)
**STORCH AMINI & MUNVES PC**

*Attorneys for B.E. Capital Management Fund LP*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2016, the foregoing *Notice of Appeal* was electronically filed with the United States bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

- **Jeffrey M Armington**    armington.jeff@dorsey.com, asmus.natasha@dorsey.com;ventrello.ashley@dorsey.com
- **Matthew M. Boley**    mboley@cohnekinghorn.com, jhasty@cohnekinghorn.com
- **Kenneth L. Cannon**    kcannon@djplaw.com, khughes@djplaw.com
- **Jeffrey Chubak**    jchubak@samlegal.com
- **David F. Crosby**    dcrosby@nixonpeabody.com
- **Anna W. Drake**    drake@millertoone.com
- **Michael R. Johnson**    mjohnson@rqn.com, docket@rqn.com;dburton@rqn.com
- **David H. Leigh**    dleigh@rqn.com, dburton@rqn.com;docket@rqn.com
- **John T. Morgan tr**    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- **Penelope Parmes**    Penelope.Parmes@troutmansanders.com
- **E. Scott Savage**    ssavage@sywlaw.com
- **Sage M. Sigler**    sage.sigler@alston.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov



/s/ Carrie Hurst

1383820

3

Signed as modified by the Court.

**This order is SIGNED.**



**Dated: August 3, 2016**

**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

---

*Prepared and Submitted By:*
Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: waterman.steven@dorsey.com
        thomson.michael @dorsey.com
        armington.jeff@dorsey.com

*Attorneys for Debtor Perseon Corporation*
*and Proposed Attorneys for Debtor in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 16-24435 |
| PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Chief Judge R. Kimball Mosier |

**ORDER GRANTING APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**DORSEY & WHITNEY LLP AS COUNSEL FOR THE DEBTOR IN POSSESSION**

---

The matter before the Court is the *Application of The Debtor for Entry of an Order*

*Authorizing the Retention and Employment of Dorsey & Whitney LLP as Counsel for the Debtor*

[Docket No. 14] (the "Application").  The Application was properly served through the Court's

CM/ECF system on all parties that receive electronic service in this case.  A *Notice of Hearing*

on the Application [Docket No. 42] was served on the Debtor's creditor matrix as set forth in the

*Certificate of Service* [Docket No. 44] and no further notice of the Application is required.  The

Debtor also filed the *Declaration of Steven T. Waterman in Support of the Application* [Docket

No. 15] (the "Waterman Declaration").  On July 8, 2016, B.E. Capital Management Fun LP

("B.E.") filed an objection to the Application [Docket No. 78] (the "B.E. Objection"), which

objected to the retention of Dorsey & Whitney LLP ("Dorsey") as counsel for the Debtor in

Possession.  After hearing argument on the Application on July 12, 2016 (the "July 12 Hearing"),

the Court continued the hearing on the Application to July 19, 2016 (the "July 19 Hearing") and

authorized the Debtor to supplement the Application in advance of the Continued Hearing.  On

July 15, 2016, the Debtor filed the *Supplemental Declaration of Steven T. Waterman in Support*

*of the Application* [Docket No. 102] (the "Supplemental Waterman Declaration"), which detailed

payments made by the Debtor to Dorsey during the 90-day preference period prior to the Petition

Date, and disclosed that Dorsey agreed to return $12,301.21 (the "January Disputed Amount"),

the amount the Debtor paid to Dorsey on account of Dorsey's December 2015 invoices, to the

Debtor by adding it to Dorsey's retainer in this case.  On July 18, 2016, B.E. filed a response to

the Supplemental Waterman Declaration [Docket No. 117] (the "B.E. Response").  At the July

19 Hearing, the Court heard argument on the Application and continued the hearing on the

Application to July 26, 2016 (the "July 26 Hearing").  On July 22, 2016, the Debtor filed the

*Second Supplemental Declaration of Steven T. Waterman in Support of the Application* [Docket

No. 138] (the "Second Supplemental Waterman Declaration"), which disclosed that Dorsey

-2-

agreed to return $15,573.07 (the "<u>February Disputed Amount</u>"),[1] the amount the Debtor paid to

Dorsey on account of Dorsey's January 2016 invoices, to the Debtor by adding it to Dorsey's

retainer in this case and Dorsey stated that it would waive any claim related to the January

Disputed Amount and the February Disputed Amount.

The Court has considered the Application, the Waterman Declaration, the Supplemental

Waterman Declaration, the Second Supplemental Declaration, the arguments of counsel at the

July 12 Hearing, the July 19 Hearing, and the July 26 Hearing, and applicable law.  Based

thereon, the Court finds that: (i) the employment of Dorsey as counsel for the Debtor in

Possession is in the best interests of the Debtor's bankruptcy estate; (ii) Dorsey does not

represent any interest adverse to the Debtor or the bankruptcy estate; (iii) Dorsey is a

"disinterested person" as that term is defined in the Bankruptcy Code; and (iv) with the

exception of the January Disputed Amount and the February Disputed Amount, all amounts paid

by the Debtor to Dorsey during the 90-day preference period prior to the Petition Date were

substantially contemporaneous exchanges for value.  Accordingly, and for good cause otherwise

appearing,

**IT IS HEREBY ORDERED THAT:**

1.    The B.E. Objection and the B.E. Response are **OVERRULED**;

2.    The Application is **GRANTED**;

---

[1]    In the Second Supplemental Declaration, Dorsey incorrectly stated that the February Preference Amount was $15,558.77.  However, upon consulting with Dorsey's accounting department, Dorsey determined that the February Preference Amount was $15,573.01, which represents a $15 difference from the amount stated in the Second Supplemental Declaration.  Consequently Dorsey will repay the higher amount.

3.      Dorsey is directed to comply with its agreement to return the January Disputed Amount and the February Disputed Amount to the Debtor and Dorsey will have no claim for those sums pursuant to 11 U.S.C. § 502(h).

4.      The Debtor in Possession is authorized under 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014 to employ Dorsey as counsel for the Debtor in Possession; and

5.      Dorsey shall be compensated in such amounts as Dorsey may be allowed by this Court upon the filing of appropriate applications for allowance of interim or final compensation in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Rules and orders of this Court.

---

(End of Document)