Matthew M. Boley, Esq. (8536)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: 801-363-4300
E-mail: mboley@cohnekinghorn.com

Sage M. Sigler (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: sage.sigler@alston.com

*Attorneys for SunTrust Robinson Humphrey, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>PERSEON CORPORATION,<br><br>Debtor. | Case No. 16-24435<br><br>Chapter 11<br><br>Judge R. Kimball Mosier |

**FIRST APPLICATION OF SUNTRUST ROBINSON HUMPHREY, INC.
FOR COMPENSATION FOR SERVICES RENDERED AS
INVESTMENT BANKER TO THE DEBTOR**

SunTrust Robinson Humphrey, Inc. ("STRH") as investment banker to the above captioned debtor (the "Debtor") hereby submits this First Application of SunTrust Robinson Humphrey, Inc. for Compensation for Services Rendered as Investment Banker to the Debtor. In support of its application (the "Application"), STRH respectfully represents as follows:

**Introduction**

1.  STRH makes this Application for payment of professional services rendered as investment banker to the Debtor as provided under sections 330, 331 and 503(b)(2) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.  By this Application, STRH seeks entry of an order substantially in the form of the proposed order attached hereto as Exhibit A (the "Proposed Order") granting (1) approval and allowance with respect to the sum of $525,000 as the "Advisory Fee" payable to STRH in compensation for investment banking and related advisory services rendered to the Debtor in the Chapter 11 Case and (2) authorizing and directing the Debtor to immediately pay STRH the amounts requested by STRH in this application. STRH seeks a total award in the amount of $525,000, and requests allowance and payment of said award as a priority administrative expense pursuant to 11 U.S.C. §§ 503(b)(2) and 507(a)(2).

3.  STRH reserves the right to file a future application requesting reimbursement of STRH's out-of-pocket expenses, which are payable in addition to the Advisory Fee.[1]

**Background**

4.  On May 23, 2016, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

---

[1] Pursuant to Section 2(f) of the Engagement Agreement, and as approved by the Retention Order, the Debtor is required to pay and reimburse STRH for "all reasonable travel and other out-of-pocket expenses incurred by STRH and for all reasonable legal fees that may be incurred by STRH" in connection with its retention as investment banker to the Debtor. While STRH seeks only the Advisory Fee in connection with this Application, STRH reserves the right to file a second and final fee application seeking the reimbursement of fees and expenses to which it is entitled under the Engagement Agreement.

2

District of Utah (the "Court") thereby commencing the above-captioned case (the "Chapter 11 Case").

5. No trustee or examiner has been appointed in this case. The Debtor is operating its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. In February 2015, the Debtor retained STRH as its investment banker to assist the Debtor in the marketing of its business and assets for sale or merger pursuant to an engagement agreement between the Debtor and STRH (the "Engagement Agreement"). The Engagement Agreement provides for several categories of compensation and reimbursement payable to STRH including, without limitation:

    a. paragraph 2(b) of the Engagement Agreement obligates the Debtor to pay an "Advisory Fee" which is payable to STRH "[a]t the close of a Transaction;" and

    b. paragraph 2(f) of the Engagement Agreement provides that, "[i]n addition to any compensation that may be payable to STRH and regardless of whether a Transaction is proposed or consummated, the [Debtor shall pay and reimburse] STRH for all reasonable travel and other out-of-pocket expenses incurred by STRH and for all reasonable legal fees that may be incurred by STRH …."

7. On June, 22, 2016, the Debtor filed the *Application of the Debtor for Entry of an Order, Pursuant to 11 U.S.C. §§ 105, 327, 328, 363 and 365 and Fed. R. Bankr. P. 2014(a), (I) Authorizing the Retention and Employment of SunTrust Robinson Humphrey, Inc. as Investment Banker to the Debtor* Nunc Pro Tunc to the Petition Date; *(II) Authorizing the Assumption of the Agreement with SunTrust Robinson Humphrey to Provide Services Related Thereto, and*

*(III) Approving the Agreement with SunTrust Robinson Humphrey* (the "June 22 Application;" Docket No. 57).

8.  Under the Engagement Agreement which the Debtor sought to approve via the June 22 Applications, STRH was entitled to compensation of (i) $700,000 if the Debtor consummated a sale of substantially all of its assets for a purchase price of $5,500,000 or less, or (ii) $925,000 if the Debtor consummated a sale of substantially all of its assets for a purchase price of more than $5,500,000, plus the reimbursement of out-of-pocket expenses.

9.  B.E. Capital Management Fund LP and the United States Trustee filed objections [Docket Nos. 78 & 85] to the June 22 Application, and, on July 12, 2016, the Court held a hearing on the Application, during which the Court indicated that the Debtor should amend or supplement the June 22 Application if it intended to proceed with the retention of STRH.

10. On July 15, 2016, the Debtor filed the *Amendment to Application of the Debtor for Entry of an Order, Pursuant to 11 U.S.C. §§ 105, 327, 328, 363 and 365 and Fed. R. Bank. P. 2014(a), (I) Authorizing the Retention and Employment of SunTrust Robinson Humphrey, Inc. as Investment Banker to the Debtor Nunc Pro Tunc to the Petition Date; (II) Authorizing the Assumption of the Agreement with SunTrust Robinson Humphrey to Provide Services Related Thereto, and (III) Approving the Agreement with SunTrust Robinson Humphrey* (the "July 15 Amendment," Docket No. 103). Pursuant to the July 15, Amendment, STRH's compensation under the Engagement Agreement was reduced to (A) an "Advisory Fee" in the amount of (i) $525,000 if the Debtor consummated a sale of substantially all of its assets for a purchase price of $5,250,000 or less, or (ii) $575,000 if the Debtor consummated a sale of substantially all

4

of its assets for a purchase price in excess of $5,250,000, plus (B) the reimbursement of STRH's out-of-pocket expenses, including the legal fees incurred by STRH in connection with this Case.

11. On July 19, 2016, the Debtor filed the *Supplement to Amendment to Application of the Debtor for Entry of an Order, Pursuant to 11 U.S.C. §§ 105, 327, 328, 363 and 365 and Fed. R. Bank. P. 2014(a), (I) Authorizing the Retention and Employment of SunTrust Robinson Humphrey, Inc. as Investment Banker to the Debtor* Nunc Pro Tunc to the Petition Date; *(II) Authorizing the Assumption of the Agreement with SunTrust Robinson Humphrey to Provide Services Related Thereto, and (III) Approving the Agreement with SunTrust Robinson Humphrey* (the "July 19 Supplement," Docket No. 120, together with the June 22 Application and the July 15 Amendment, the "Retention Application"), to which the Debtor attached an Amendment to the Engagement Letter which, inter alia, modified the Engagement Agreement to reflect the fee arrangement outlined in the July 15 Amendment (the "Amended Engagement Agreement").

12. The Retention Application and Engagement Agreement were approved at the continued hearing on July 19, 2016, as memorialized in this Court's Order dated August 1, 2016 (the "Retention Order;" Docket No. 147). The Retention Order authorizes the Debtor both "to retain and employ STRH as investment banker to the Debtor on the terms set forth in the [Retention] Application and [Amended] Engagement Agreement, effective as of the Petition Date" and "to assume the [Amended] Engagement Agreement, effective as of the Petition Date." Without limitation, the Debtor and its chapter 11 bankruptcy estate are authorized and obligated to pay the "Advisory Fee" to compensate STRH for services rendered to the Debtor under the Amended Engagement Agreement in the amounts contemplated in the July 15 Amendment, and

also to reimburse STRH for actual and necessary expenses incurred in connection with those services, including STRH's legal fees.

13. On August 11, 2016, the Court approved the sale of substantially all of the Debtor's assets to MedLink Technologies, LLC (the "Buyer") for the purchase price of $4,350,000 (the "Purchase Price") via the Order Authorizing the Sale of Assets (the "Sale Order," Docket No. 160).

14. On August 22, 2016, the Debtor and the Buyer closed the sale contemplated by the Sale Order (the "Sale").

## Compensation and its Source

15. All services contemplated by the Amended Engagement Letter and for which compensation is requested by STRH have been performed for or on behalf of the Debtor.[2]

16. STRH has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Application. There is no agreement or understanding for the sharing of compensation to be received for services rendered in the Chapter 11 Case.

## Services Rendered

17. STRH has provided significant investment banking services, advisory services and other professional services to the Debtor pursuant to the Engagement Agreement and in connection with the Chapter 11 Case including, among other things:

---

[2] While all services to be provided to the Debtor by STRH have been performed and the "Advisory Fee" owing to STRH became payable upon the closing of the Sale, it may be necessary for STRH to make further appearances and take further actions in the Chapter 11 Case as a result of a pending motion to convert the case to Chapter 7, or other circumstances that may arise. As such, STRH is filing this interim Application and reserves its right to file a second and final fee application seeking the reimbursement of out-of-pocket expenses pursuant to section 2(f) of the court-approved Engagement Agreement, including attorneys' fees, costs and expenses that have been or may in the future be incurred as a result of STRH's retention as investment banker to the Debtor.

(a) Compiling a list of parties likely to be interested in the Debtor's assets and marketing the Debtor's assets to those parties;

(b) Distributing a "teaser" overview of the Debtor's assets and business operations along with a confidentiality agreements to entities who expressed interest in the Debtor's assets;

(c) Creating a data room wherein all parties who signed a confidentiality agreement were granted access to the data room and could conduct due diligence of the Debtor and its assets;

(d) Pursuing advanced discussions with and receiving and reviewing offers from potential acquirers over three sale processes, one of which resulted in the consummation of the Sale to the Buyer which was approved by the Court via the Sale Order;

(e) Assisting the Debtor in active negotiations with the Buyer concerning the terms of the asset purchase agreement (the "APA"), including whether the Buyer would be entitled to bid protections;

(f) Assisting the Debtor with analysis to determine whether the APA provided the best opportunity for a successful sale transaction;

(g) Contacting additional likely potential purchasers in connection with the sale of the Debtor's assets after the Debtor's entry into the APA to solicit bids for higher and better offers; and

(h) Providing additional investment banking services in connection with the marketing and sale of the Debtor's assets.

Document      Page 8 of 12

18. To the best of STRH's knowledge, this Application complies with section 330 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable guidelines adopted by the Office of the United States Trustee, and the Local Rules of the United States Bankruptcy Court for the District of Utah.

19. The fees charged in this matter are comparable to or less than those rates that STRH generally charges similar clients for similar services to those rendered to the Debtor under the Engagement Agreement and in connection with the Chapter 11 Case. In addition, STRH believes that such charges are comparable to amounts which other investment banking firms would normally invoice similar clients for similar services both in and outside of bankruptcy.

**Valuation of Services**

20. STRH believes that the reasonable value of services rendered by STRH to the Debtor pursuant to the Engagement Agreement and in connection with the Chapter 11 Case is no less than $525,000.

21. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by STRH is fair and reasonable given (a) the complexity of the Debtor's business and the marketing and sale process carried out by STRH, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value which accrued to the Debtor's estate as a result of the consummation of the Sale, and (e) the costs of comparable services other than in a case under this title.

WHEREFORE, STRH respectfully seeks entry of an Order, in the form attached as Exhibit "A", providing as follows:

  A. that compensation and reimbursement be awarded to STRH in the total amount of

$525,000, which includes allowance of the "Advisory Fee" payable to STRH in compensation for the professional services rendered to the Debtor in the Chapter 11 Case;

    *B.*    that such amounts be allowed as chapter 11 priority administrative expenses pursuant to 11 U.S.C. §§ 503(b)(2) and 507(a)(2);

    *C.*    that the Debtor (and its successor-in-interest, if applicable) be authorized and directed to immediately pay STRH all amounts awarded to STRH under this Order; and

    *D.*    for such other and further relief as this Court may deem just and proper.

Respectfully submitted this 23rd day of August, 2016.

**COHNE KINGHORN, P.C.**

/s/ Matthew M. Boley
Matthew M. Boley, Esq. (8536)
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: 801-363-4300
E-mail: mboley@cohnekinghorn.com

– and –

Sage M. Sigler (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: sage.sigler@alston.com

*Attorneys for SunTrust Robinson Humphrey, Inc.*

## **EXHIBIT A**

Proposed Order

*Order Prepared and Submitted by:*

Matthew M. Boley, Esq. (8536)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: 801-363-4300
E-mail: mboley@cohnekinghorn.com

Sage M. Sigler (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: sage.sigler@alston.com

*Attorneys for SunTrust Robinson Humphrey, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Case No. 16-24435 |
|---|---|
| PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Judge R. Kimball Mosier |

**ORDER APPROVING THE FIRST APPLICATION OF SUNTRUST ROBINSON HUMPHREY, INC. FOR COMPENSATION FOR SERVICES RENDERED AS INVESTMENT BANKER TO THE DEBTOR**

The Court having considered the First Application of SunTrust Robinson Humphrey, Inc. for Compensation for Services Rendered as Investment Banker to the Debtor (the "Application") and the exhibits thereto, and the Court finding that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of STRH's Application was sufficient under the circumstances; (d) the services rendered by Applicant for which compensation is requested in the Application were actual and necessary, and the compensation requested is reasonable, and (e) the legal and factual bases set forth in STRH's Application establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Application shall be, and hereby is GRANTED in all respects.

2. Pursuant to 11 U.S.C. § 330(a), compensation and reimbursement shall be, and hereby is, AWARDED to STRH in the total amount of $525,000, which is comprised of the "Advisory Fee" payable as compensation for services rendered by STRH for the Debtor's benefit in connection with this Chapter 11 case.

3. The amount awarded to STRH herein shall be, and hereby is, ALLOWED as a priority administrative expense of the Debtor's estate pursuant to 11 U.S.C. §§ 503(b)(2) and 507(a)(2).

4. The Debtor (and its successor-interest, if applicable) hereby is authorized and directed to immediately pay to STRH all of the foregoing amounts approved in this Order.

5. This Order is without prejudice to STRH's right to seek the reimbursement of fees, costs and expenses to which it may be entitled by separate application.

------------------------------------ END OF DOCUMENT ------------------------------------