Matthew M. Boley, Esq. (8536)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: 801-363-4300
E-mail: mboley@cohnekinghorn.com

Sage M. Sigler (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: sage.sigler@alston.com

*Attorneys for SunTrust Robinson Humphrey, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | Case No. 16-24435 |
| PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Judge R. Kimball Mosier |

**LIMITED OBJECTION OF SUNTRUST ROBINSON HUMPHREY TO MOTION FOR ORDER CONVERTING CASE TO CHAPTER 7**

SunTrust Robinson Humphrey, Inc. ("STRH"), as investment banker to the above captioned debtor (the "Debtor"), hereby submits this limited objection (the "Limited Objection") to B.E. Capital Management Fund, LP's ("B.E. Capital") Motion for Order Converting Case to

Chapter 7 (the "Motion to Convert," Docket No. 162).  In support of its Limited Objection, STRH respectfully represents as follows:

**INTRODUCTION**

1. The sale of substantially all of the Debtor's assets (the "Sale") to Medlink Technologies, LLC (the "Purchaser") for the purchase price of $4,350,000 (the "Sale Proceeds") has been approved by the Court, closed by the Debtor and Purchaser (the "Closing"), and, upon information and belief, the Sale Proceeds have been paid by the Purchaser to the Debtor.

2. As a result of the Closing, certain expenses incurred by the Debtor in connection with the Sale are due, including but not limited to amounts owed to STRH pursuant to the Amended Engagement Agreement [1] and this Court's order (the "Retention Order;" Docket No. 147) dated August 1, 2016 (collectively, the "Sale Expenses").

3. This Case (defined below) should not be converted to a case under chapter 7 of title 11 of the United States Code (the "Chapter 7") unless and until the Sale Expenses are paid by the Debtor in full.

4. Given that STRH already has performed all professional services contemplated or required under the Amended Engagement Agreement and the Retention Order, its interest in this case is limited to its right to payment of administrative expenses as and when awarded by the Court.  As such, to the extent that (1) the Sale Expenses are paid by the Debtor in full prior to the entry of an order converting the Case to one under Chapter 7; or (2) any order converting the Case to one under Chapter 7 requires the Debtor to pay the Sale Expenses prior to such

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *First Application of SunTrust Robinson Humphrey, Inc. for Compensation for Services Rendered As Investment Banker to the Debtor* (the "STRH First Fee Application," Docket No. 179).

conversion; STRH shall have no need to take a formal position in opposition to the Motion to Convert.

## BACKGROUND

5. On May 23, 2016, (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the District of Utah (the "Court"), thereby commencing the above-captioned case (the "Case").

6. In February 2015, the Debtor retained STRH as its investment banker to assist the Debtor in the marketing of its business and assets for sale or merger pursuant to an engagement agreement between the Debtor and STRH.

7. Prior to and throughout the Case, STRH provided the Debtor with investment banking, advisory services and other related services which substantially contributed to the Debtor's successful consummation of the Sale to the Purchaser.

8. The Sale was approved by the Court via the Order Authorizing the Sale of Assets entered on August 11, 2016 (the "Sale Order," Docket No. 160), and the Debtor filed the Notice of Closing of Sale Transaction (Docket No. 178) on August 22, 2016.

9. Pursuant to the Amended Engagement Agreement between the Debtor and STRH and this Court's Order dated August 1, 2016 (the "Retention Order," Docket No. 147), and as a result of the Closing, STRH is entitled to (A) an "Advisory Fee" from the Debtor in the amount of $525,000 (the "Advisory Fee"), plus (B) the reimbursement of STRH's out-of-pocket expenses, including legal fees incurred by STRH in connection with this Case (the "Expense Reimbursement").

10. STRH filed the *First Application of SunTrust Robinson Humphrey, Inc. for Compensation for Services Rendered As Investment Banker to the Debtor* (the "STRH First Fee Application," Docket No. 179) on August 23, 2013, pursuant to which STRH sought an order of this Court providing: (a) that the Advisory Fee be allowed and awarded to STRH; (b) that the Advisory Fee be allowed as a chapter 11 priority administrative expense pursuant to 11 U.S.C. §§ 503(b)(2) and 507(a)(2); (c) that the Debtor (and its successor-in-interest, if applicable) be authorized and directed to immediately pay STRH the Advisory Fee; and (d) such other and further relief as the Court deems just and proper. The STRH First Fee Application is scheduled for hearing on September 8, 2016.

11. STRH did not seek approval of the Expense Reimbursement via the STRH First Fee Application, but reserved the right to file a future application requesting reimbursement of STRH's out-of-pocket expenses. *See* STRH First Fee Application, ¶ 3.

12. B.E. Capital filed the Motion to Convert on August 12, 2016, which requested the entry of an order converting the Case to a case under Chapter 7. The Motion to Convert asserts, inter alia, that "cause" exists under 11 U.S.C. § 1112(b)(1) to convert the Case to a case under Chapter 7 because the Debtor allegedly has no reasonable likelihood of rehabilitation and the Debtor is allegedly experiencing negative cash flow. *See generally* Motion to Convert.

**ARGUMENT**

A. **CONVERSION FOR "CAUSE" IS DISCRETIONARY UNDER SECTION 1112 OF THE BANKRUPTCY CODE.**

13. Conversion of a case from chapter 11 to chapter 7 is an extraordinary remedy. The party requesting conversion of a case to chapter 7 has the burden to prove "cause". The "standard for finding cause is flexible and subject to the court's discretion." 7 Collier on

Bankruptcy ¶ 1112.04[4] (16th ed. 2010); See also, e.g., In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007) (reasoning that the "bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case").

14. Further, relief under section 1112(b) is discretionary rather than mandatory. The Court may decline to convert or dismiss a case under section 1112(b) even if "cause" exists. pursuant to section 1112(b)(2), even in the absence of unusual circumstances,

> the Court must *not* convert or dismiss a case if (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time, (2) the "cause" for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured within a reasonable time.

In re Orbit Petroleum, Inc., 395 B.R. 145, 148 (Bankr. D.N.M. 2008) (citing § 1112(b)(2)).

**B.    CONVERSION SHOULD BE DENIED IF IT WILL DELAY PAYMENT OF ALLOWED ADMINISTRATIVE EXPENSES DUE TO STRH.**

15. The Sale Expenses, including the amounts owed by the Debtor to STRH pursuant to the Amended Engagement Agreement and the Retention Order, should be paid in full by the Debtor prior to the conversion of the Case to one under Chapter 7.

16. Conversion of the Case to a case under Chapter 7 prior to the Debtor's payment in full of the Sale Expenses would unfairly prejudice STRH, which is entitled to the Advisory Fee and the Expense Reimbursement as a result of the Closing. *See* Amended Engagement Agreement §§ 2.2(b), 2.2(f); *see also* Retention Order.

17. The services STRH provided to the Debtor in this Case substantially contributed to the successful consummation of the Sale and the estate's receipt of the Sale Proceeds, and

STRH should be compensated for those services immediately without the risk and delay that would result from the conversion of the Case to a case under Chapter 7 prior to the payment of the Sale Expenses. Indeed, the Amended Engagement Agreement contemplated that STRH would be paid at the time of Closing, which already has occurred.

WHEREFORE, STRH submits that, to the extent this Court determines conversion is appropriate, this Chapter 11 case should not be converted to a case under Chapter 7 until all Sale Expenses, including the fees and expenses owing to STRH, are paid by the Debtor in full.

Respectfully submitted this 31st day of August, 2016.

/s/ Matthew M. Boley
Matthew M. Boley, Esq. (8536)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: 801-363-4300
E-mail: mboley@cohnekinghorn.com

Sage M. Sigler (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: sage.sigler@alston.com

*Attorneys for SunTrust Robinson Humphrey, Inc.*

Matthew M. Boley, Esq. (8536)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: 801-363-4300
E-mail: mboley@cohnekinghorn.com

Sage M. Sigler (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: sage.sigler@alston.com

*Attorneys for SunTrust Robinson Humphrey, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Case No. 16-24435 |
|---|---|
| PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Judge R. Kimball Mosier |

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 31st day of August, 2016, I caused to be served a true and correct copy of the Limited Objection of SunTrust Robinson Humphrey to Motion for Order Converting Case to Chapter 7 (the "Limited Objection") as follows:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served true and correct copies of the Limited Objection through the CM/ECF system:

- Jeffrey M. Armington	armington.jeff@dorsey.com, asmus.natasha@dorsey.com, ventrello.ashley@dorsey.com
- Matthew M. Boley	mboley@cohnekinghorn.com, jhasty@cohnekinghorn.com
- Kenneth L. Cannon	kcannon@djplaw.com, khughes@djplaw.pc
- Jeffrey Chubak	dcrosby@nixonpeabody.com
- David. F. Crosby	dcrosby@nixonpeabody.com
- Anna W. Drake	drake@millertoone.com
- Michael R. Johnson	mjohnson@rqn.com, docket@rqn.com, dburton@rqn.com
- David H. Leigh	dleigh@rqn.com, dburton@rqn.com, docket@rqn.com
- John T. Morgan	john.t.morgan@usdoj.gov, James.Gee@usdoj.gov, Lindsey.Huston@usdoj.gov, Suzanne.Verhaal@usdoj.gov
- Penelope Parmes	Penelope.Parmes@troutmansanders.com
- E. Scott Savage	ssavage@sywlaw.com
- Sage M. Sigler	sage.sigler@alston.com
- United States Trustee	USTPREgion19.SK.ECF@usdoj.gov
- Steven T. Waterman	waterman.steven@dorsey.com, Bingham.karen@dorsey.com, ventrelo.ashley@dorsey.com

**By United States Mail Service**: I certify that I caused to be served true and correct copy of the Limited Objection by regular first class United States mail, postage fully pre-paid on the following persons:

**RAY QUINNEY & NEBEKER, P.C.**         **STORCK AMINI & MUNVES PC**

Michael Johnson                          Jeffrey Chubak
David H. Leigh                           140 East 45th Street, 25th Floor
36 South State Street, Suite 1400        New York, New York, 10017
Salt Lake City, Utah 84111


DATED August 31, 2016

              **COHNE KINGHORN, P.C.**

              /s/ Matthew M. Boley
              Attorney for *SunTrust Robinson Humphrey, Inc.*