Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: waterman.steven@dorsey.com
       thomson.michael @dorsey.com
       armington.jeff@dorsey.com

*Attorneys for Debtor in Possession*
*BSD Medical Corporation fka Perseon Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>BSD MEDICAL CORPORATION fka PERSEON CORPORATION,<br><br>Debtor. | Case No. 16-24435<br><br>Chapter 11<br><br>Chief Judge R. Kimball Mosier |

**DEBTOR'S MOTION FOR AN EXTENSION OF EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. § 1121(D)**

BSD Medical Corporation fka Perseon Corporation ("BSD" or "Debtor"), the debtor in possession in the above captioned bankruptcy case hereby submits this motion (the "Motion"), pursuant to Section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking entry of an Order extending by sixty (60) days: (a) the time period

in which the Debtor has the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period"); and (b) the time period in which the Debtor has the exclusive right to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods"). In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

2. On May 23, 2016 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (the "Court") thereby commencing the above-captioned "Chapter 11 Case."

3. No trustee, examiner, or official committee of unsecured creditors has been appointed in this case. The Debtor is operating its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. A detailed discussion of the Debtor's history, description of its business and the events that led to its need for bankruptcy relief are set forth in the *Declaration of Clinton E. Carnell Jr. in Support of Chapter 11 Petition and First Day Motions* (the "Omnibus Declaration").[1]

---

[1] Docket No. 13.

5. On May 24, 2016, the Debtor filed *Debtor's Motion for Orders Pursuant to 11 U.S.C. §§ 105(a), 363, 364, 365, 503, and 507 and Fed. R. Bankr. P. 6004 and 6007: (I)(A) Authorizing Entry Into and Assumption of Asset Purchase Agreement, (B) Authorizing Bid Protections, (C) Authorizing Bidding Procedures and Auction, and (D) Scheduling Sale Hearing and Approving Notice Thereof; (II) Authorizing Sale of Assets; and (III) Granting Related Relief* [Docket No. 24] (the "Sale Motion"). The Sale Motion sought Court approval of a sale of substantially all of the Debtor's assets through an asset purchase agreement (the "APA") to MedLink Technologies, LLC, a wholly owned subsidiary of Scion Medical Technologies, LLC ("Scion"), for a total purchase price of $4,350,000.00, subject to higher and better offers at auction.

6. On August 11, 2016, the Bankruptcy Court entered its *Order Authorizing Sale of Assets* [Docket No. 160] (the "Sale Order"), which authorized the Debtor's sale of assets to Scion pursuant to the APA. Under the APA, the Debtor sold the name "Perseon Corporation" to Scion, and consequently, the Debtor has taken action with the Delaware Division of Corporations to change its name to BSD Medical Corporation.

7. On August 22, 2016, the sale transaction contemplated under the APA closed and the Debtor received the $4.35 million purchase price, minus the $850,000 bid deposit, from Scion.

8. On September 16, 2016, the Debtor filed *Debtor's Motion for Entry of an Order: (a) Approving the Disclosure Statement; (b) Approving Solicitation and Notice Materials; (c) Approving Forms of Ballots; (d) Establishing Solicitation and Voting Procedures; (e) Establishing Procedures for Allowing and Estimating Certain Claims for Voting Purposes; (f)*

*Scheduling a Confirmation Hearing; and (g) Establishing Notice and Objection Procedures* [Docket No. [___]] (the "Disclosure Statement Motion"). Through the Disclosure Statement Motion, the Debtor seeks approval of its *Disclosure Statement for Debtor's Plan Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"), a copy of which is attached to the Disclosure Statement Motion as Exhibit A.

9. Also through the Disclosure Statement Motion, the Debtor seeks Bankruptcy Court approval of the solicitation, voting, and confirmation procedures through which the Debtor intends to seek confirmation of *Debtor's Plan Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan"), a copy of which is attached to the Disclosure Statement as Exhibit 1.

10. The Debtor intends to pay all creditors in full plus interest through the distributions in the Plan. Thus, the Court should extend the Exclusive Periods to give the Debtor time to seek confirmation of the Plan, which will provide a full and expeditious recovery for the Debtor's creditors.

## RELIEF REQUESTED

11. By this Motion, the Debtor seeks entry of an Order (a) extending the Exclusive Filing Period by sixty (60) days, through and including Monday, November 21, 2016, and (b) extending the Exclusive Solicitation Period by sixty (60) days, through and including January 18, 2017. If granted, extension of the Exclusive Periods will be without prejudice to (i) the right of the Debtor to seek further extensions of the Exclusive Periods, subject to the limitations set forth in § 1121(d)(2) of the Bankruptcy Code, or (ii) the right of any party in interest to seek to reduce the Exclusive Periods for cause.

12. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a Chapter 11 case during which a debtor has the exclusive right to file a plan. Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the exclusive filing period, then it has an initial period of 180 days after the commencement of its Chapter 11 case to solicit acceptances of such plan, during which time competing plans may not be filed. Currently, the Debtor's initial Exclusive Filing Period and Exclusive Solicitation Period are set to expire on September 20, 2016 and November 21, 2016, respectively.

13. Section 1121 (d) grants the Court authority to extend the exclusive periods "for cause" after notice and a hearing. Specifically, section 1121(d) provides:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause … increase the 120-day period or the 180-day period referred to in this section.
>
> (2)(A)  The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B)  The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.[2]

---

[2]  11 U.S.C. § 1121(d).

14. Although the Bankruptcy Code does not define the term "cause," the legislative history indicates that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.[3]

15. Case law indicates that the flexibility of section 1121 of the Bankruptcy Code is intended to give the debtor an adequate opportunity to negotiate an effective plan with its creditors.[4] The decision to extend a debtor's exclusive periods is committed to the sound discretion of the court and should be based upon the facts and circumstances of a particular case.[5]

16. Courts examine a number of factors in determining whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the debtor's exclusive periods under section 1121(d). In making this determination, various courts assess all or some of nine (9) separate factors, not all of which must be met for a debtor's exclusive periods to be extended:[6]

    (a) the size and complexity of the case;

---

[3] See H.R. Rep. No. 95-595, at 231, 232 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191 (noting that congress intended to give bankruptcy courts flexibility to protect a debtor's interest by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

[4] See Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297-98 (Bankr. W.D. Tenn. 1987) (noting that section 1121 is designed to give the debtor time to reach an agreement with its creditors regarding a plan).

[5] See In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (stating that it is within the discretion of the court whether to extend or terminate exclusivity for cause).

[6] See, e.g., In re Express One Int'l, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying four of the nine above-quoted factors, among others, as relevant in determining whether "cause" exists to extend exclusivity); In re Interco, Inc., 137 B.R. 999, 1001 (Bankr. E.D. Mo. 1992) (Using four of the nine above-quoted factors to determine that the bondholders' committee failed to show "cause" to terminate the debtors' exclusivity period); In re United Press Int'l, Inc., 60 B.R. 265, 269 (Bankr. D.D.C 1986) (holding that the debtor showed "cause" to extend exclusivity period based upon three of the nine above-quoted factors).

  (b) the necessity for sufficient time to permit the debtor to negotiate a plan and prepare adequate information;

  (c) the existence of good faith progress;

  (d) the fact that the debtor is paying its bills as they come due;

  (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

  (f) whether the debtor has made progress in negotiations with its creditors;

  (g) the amount of time which has elapsed in the case;

  (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit the debtor's reorganization demands; and

  (i) whether an unresolved contingency exists.[7]

17. Each factor by itself may provide sufficient cause for extending a debtor's exclusive periods.[8] Moreover, no one factor is dispositive, and the Court is not restricted to counting factors.[9] Not all factors are relevant to every case, and courts have used a subset of the above-listed factors to determine whether cause exists.[10]

18. Here, the above-quoted factors weigh heavily in favor of granting an extension of the Exclusive Periods.

---

[7] *See id.*

[8] *See In the Matter of Federated Dep't Stores and Allied Stores Corp.*, 1990 Bankr. Lexis 711, at *6 (Bankr. S.D. Ohio Apr. 13, 1990).

[9] *In re Down Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997).

[10] *See supra* n. 6.

**A. The Debtor's Chapter 11 Case is Sufficiently Large and Complex**

19. One of the most common grounds justifying an extension of a debtor's exclusive periods is the size and complexity of the debtor's chapter 11 case.[11] Indeed, Congress expressly recognized that courts would need to extend the exclusive periods if a debtor's case is unusually large or complex.[12]

20. Here, to date, the Debtor, which manufactures and sells cancer ablation therapy medical technology internationally, has focused its efforts on continuing its business operations, obtaining certification to continue to sell its products in the European market, and consummating the sale of the bulk of its assets. The complexity of the Debtor's business and its sale transaction with Scion, make this case sufficiently large and complex for purposes of Section 1121, and this factor alone warrants the requested extension of the Exclusive Periods.

**B. The Debtor Needs Additional Time to Pursue Confirmation of its Plan.**

21. The Debtor requests an extension to allow for sufficient time to pursue confirmation of its already filed Plan. Since the Petition Date, the Debtor has been focusing its attention on the sale of its assets in order to obtain the maximum value for creditors. As stated above, consummating the sale of the Debtor's assets to Scion, along with obtaining Court-approval of this transaction, has monopolized the Debtor's time to date.

---

[11] *See, e.g.*, *Express One Int'l*, 194 B.R. at 100; *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) (sheer size of case constituted "cause" to extend exclusivity); *In re Manville Forest Prods. Corp.*, 31 B.R. 991, 995 (S.D.N.Y. 1983) ("[T]he sheer mass, weight, volume and complications of the Manville filings undoubtedly justify a shakedown period").

[12] *See* H.R. Rep. No. 95-595, at 231, 232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191, 6362 ("[I]f an unusually large company were to seek reorganization under Chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement").

22. Following the closing of the sale transaction, the Debtor has focused its efforts on developing the Plan and now it will seek confirmation of the Plan to expeditiously distribute funds to the Debtor's stakeholders. Accordingly, the requested extension is warranted.

**C. The Debtor Has Made Good Faith Progress Toward Confirming a Plan and is Current on its Administrative Obligations.**

23. Since the Petition Date, the Debtor has been working cooperatively with its creditors and has filed the Plan, which, if confirmed will leave the Debtor's creditors unimpaired and provide for a substantial return to the Debtor's equity holders.

24. The Debtor is current on its administrative obligations and continues to pay its bills as they come due. The Debtor's post-petition decisions and actions have ensured that the Debtor has sufficient resources to meet its post-petition obligations and that it is preserving the value of its assets for the benefit of all creditors.

25. The Debtor has worked successfully to reduce claims against the estate.

26. The Debtor's plan is proposed in less than four months since the filing date of this chapter 11 case.

**D. This is the First Extension of the Exclusive Periods Requested by the Debtor.**

27. This is the first extension of the Exclusive Periods sought by the Debtor, and the case was filed less than four months ago. The Bankruptcy Code contemplates extensions of the Exclusive Filing Period and Solicitation Period of eighteen (18) months and (20) months from the Petition Date, respectively.

**E. The Debtor is Using Exclusivity for a Proper Purpose.**

28. In the context of a debtor's request for extension of the exclusive periods, courts can undertake an assessment of whether a debtor's motives for requesting an extension of the

9

Exclusive Periods are proper.[13] The Debtor has conducted its affairs in a manner consistent with its fiduciary obligations and has demonstrated good faith in its efforts throughout the course of this case. The Debtor has made every effort to work with its creditors to ensure the maximum benefit for all creditors and has filed a Plan that promises to leave all class of claims unimpaired. Granting an extension of the Exclusive Periods will not give the Debtor unfair leverage over the Debtor's creditor constituencies.

**F. Terminating the Exclusive Periods Would be Disruptive.**

29. The Debtor's sole purpose in seeking this request is to permit it time to seek confirmation of the Plan. The Debtor believes that, at this time, the filing of plans by third parties, or even the mere threat of such a filing, would serve no purpose other than to introduce delay and additional administrative expenses to this case. Moreover, the proposal of any such competing plan at this time would be disruptive to the plan proposal and confirmation process, without any commensurate benefits.

30. Application of the factors set forth above to the facts in the Debtor's chapter 11 case demonstrates that sufficient "cause" exists to grant the extension of the Exclusive Periods requested herein. Such an extension will allow the Debtor a fair opportunity to seek confirmation of the Plan, and solicit acceptances thereto without the disruptive threat of competing plans. The Debtor has made significant progress in the administration of this case since the Petition Date. The Exclusive Periods should be extended as requested herein to allow the Debtor the opportunity to seek to confirm the Plan.

---

[13] *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

## **CONCLUSION**

WHEREFORE, pursuant to 11 U.S.C. § 1121(d) the Debtor respectfully requests the entry of an Order extending the exclusive periods to file a chapter 11 plan and solicit acceptances thereto for 60 days. The Debtor also requests such other relief as is just and proper.

DATED this 16th day of September, 2016.

**DORSEY & WHITNEY LLP**

*/s/ Jeffrey M. Armington*
Steven T. Waterman
Michael F. Thomson
Jeffrey M. Armington
*Attorneys for Debtor in Possession, BSD Medical Corporation fka Perseon Corporation*