John T. Morgan (USB #3839)
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
405 South Main Street, Suite 300
Ken Garff Building
Salt Lake City, Utah    84111
Telephone:     (801) 524-5734
Facsimile:     (801) 524-5628
Email: John.T.Morgan@usdoj.gov

Attorney for Patrick S. Layng, United States Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| In re:<br><br>**BSD MEDICAL CORPORATION fka PERSEON CORPORATION**,<br><br>Debtor. | **Bankruptcy Case No. 16-24435 RKM**<br><br>(Chapter 11)<br><br>Chief Judge R. Kimball Mosier |
|---|---|

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH CLINTON E. CARNELL JR. AND B.E. CAPITAL MANAGEMENT FUND LP PURSUANT TO F.R.B.P. 9010

Patrick S. Layng, the United States Trustee for Region 19 ("U.S. Trustee), by and through his attorney, John T. Morgan, hereby files this objection ("Objection") to the Debtor's Motion to Approve Settlement Agreement with Clinton E. Carnell Jr. and B.E. Capital Management Fund LP Pursuant to F.R.B.P 9019 (hereinafter "Motion") as follows:

## I.  PRELIMINARY STATEMENT

1. The Debtor asks the Court to approve a three way Settlement Agreement between the Debtor, the Debtor's former President and CEO Clinton E. Carnell Jr. (hereinafter "Mr. Carnell") and a creditor, B.E. Capital Management Fund LP (hereinafter "B.E. Capital"). While generally favorable to the estate, the Settlement Agreement includes a provision whereby the parties agree that B.E. Capital "shall have an allowed claim under 11 U.S.C. §503(b)(4) in the amount of its reasonable documented attorneys' fees and expenses incurred through September 30, 2016 in connection with the Bankruptcy Case and Appeals, subject to a $50,000.00 cap (the "Substantial Contribution Claim")," and that said claim "shall be paid as an administrative claim on the effective date of the Plan", without further review or approval by the Court. Granting the Motion to Approve the Settlement Agreement amounts to approval of and payment of B.E. Capital's Substantial Contribution Claim without any formal application, review, or approval by the court. For the reasons stated more fully herein, the Debtor's Motion as presently constituted does not comply with Section 503(b) and should be denied.

## II.  BACKGROUND AND FACTS

2. On May 23, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of tile 11 of the United States Code, in the United States Bankruptcy Court for the District of Utah, (hereinafter "the Case").

3. After notice and a hearing, the Debtor liquidated the majority of its business assets

but remains a debtor in possession while it pursues confirmation of a plan of reorganization to repay its creditors. No committee of unsecured creditors has been appointed in the Case.

4. On October 14, 2016, the Debtor filed this Motion seeking approval of a Settlement Agreement dated October 13, 2016 which resolves various disputes between the Debtor, B.E. Capital and Mr. Carnell.

5. The Settlement Agreement provides for reduction of the amount of Mr. Carnell's proof of claim, and provides for dismissal of two pending appeals of Bankruptcy Court orders and a pending Motion to Convert which were filed by B.E. Capital in the Case. In exchange for the foregoing, the Settlement Agreement awards B.E. Capital a "Substantial Contribution Claim" under 11 U.S.C. §503(b)(3) & (4). See Debtor's Motion, paragraph 28 (d) & (e).

6. With respect to the amount and allowance of the substantial contribution claim, and concurrent with the Motion, B.E. Capital filed a one page Declaration of Jeffrey Chubak (hereinafter the "Declaration") with three months of invoices attached for fees incurred by B.E. Capital to the law firm of Storch, Amini & Munves PC, and to its local counsel Ray Quinney & Nebeker PC, for legal services rendered to B.E. Capital during the Case. No Application or other pleading has been filed establishing the justification for, or B.E. Capital's entitlement to, a claim for making a substantial contribution in this Case. Neither the Motion nor the Declaration set forth the extent of any alleged benefit to the estate from B.E. Capital's actions in the Case.

### III.    OBJECTION

7. The Motion provides an analysis of the Settlement Agreement under the four Kopexa factors applicable for settlements in the Tenth Circuit under Bankruptcy Rule 9019, but does not consider the requirements for a substantial contribution claim under 11 U.S.C. § 503(b), the only Section of the Bankruptcy Code that authorizes the allowance of a substantial contribution claim as an administrative expense. The United States Trustee questions whether a party can be granted an allowed administrative expense claim as part of a settlement, when, as discussed below, there has been no showing of the entitlement to such a claim under the applicable standard. Moreover, by failing to address the legal standards required for a critical component of the settlement (the allowance of an administrative claim), the Debtor has not met its burden under the Kopexa factors.

8. Section 503(b) of the Bankruptcy Code provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including -
> > (3) the actual necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by -
> > > (D) a creditor . . . in making a substantial contribution in a case under chapter 9 or 11 of this title . . .
> > . . .
> > (4) reasonable compensation for professional services rendered by an attorney . . . of an entity whose expense is allowed under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney. . .
>
> 11 U.S.C. §503(b) (emphasis added).

9. In the Tenth Circuit, the burden of proof is on an applicant to establish its entitlement to an award for a substantial contribution under these sections. In re Lister 846 F.2d 55 (10th Cir.1988). The Lister Court ruled that the test is "whether the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the creditors." The Bankruptcy Court must carefully scrutinize any application under Section 503(b)(3) &(4) since it is filed after the services were performed yet without prior Court authorization and approval. Under these circumstances the Court must independently examine the reasonableness of such fees.

10. Neither the Motion, nor any submissions made by B.E. Capital, address entitlement to a substantial contribution claim. Neither the Motion nor any submissions made by B.E. Capital provide any evidence necessary to meet the burden of proof to establish the substantial contribution claim. While B.E. Capital has submitted its bills from two law firms for the legal work done for B.E. Capital in the Case, it has offered no facts or analysis which would establish why its efforts should be considered a compensable "substantial contribution" in the Case.

11. On the other hand, there are indications in the record suggesting that at least some of B.E. Capital's efforts did not benefit or substantially contribute to the case. As one court observed "services which substantially contribute to a case are those which foster and enhance, rather than retard or interrupt the progress o[f] reorganization." See Pierson & Gaylen v. Creel & Atwood (In re Consol. Bancshares, Inc.), 785 F.2d 1249, 1253 (5th Cir. 1986). A cursory review of the Debtor's Fee Application demonstrates

that the bankruptcy estate has incurred direct costs of at least $34,839.00 in legal fees from litigating with B.E. Capital including substantial fees in defending against the two Appeals and the Motion to Convert filed by B.E. Capital. The fees of Debtor's counsel in this regard appear reasonable and necessarily incurred.  It is not clear in any sense that the efforts of B.E. Capital which prompted those fees were efforts that fostered and enhanced the progress of the reorganization.

12. In addition, some of B.E. Capital's attorneys' fees appear to have been incurred solely to further B.E. Capital's own self-interest rather than those of the estate and other creditors. For example, the July billing statement from Storch Amini & Munves PC includes an entry on July 13, 2016 for 1.2 hours and a charge of $540.00 regarding issues associated with B.E. Capital's contemplated purchase of one of its unsecured claims (see docket 258 at page 3). There is a similar problem with the entry on July 20, 2016 of .4 of an hour for $180.00 (docket 258 at page 5).

13. B.E. Capital's attorneys have not been employed under any provisions of the Bankruptcy Code and, under the Settlement, there has been and will be no mechanism for review and oversight of their fees as an administrative expense.  The Debtor's agreement as part of a settlement document not to oppose an award of up to $50,000.00 does not substitute for the review and oversight required by section 503(b) nor otherwise satisfy the requirements of that section.  Similarly, the presentation of the allowance of the administrative expense claim as a component of a settlement brought under Bankruptcy Rule 9019 does not obviate the need or requirement of an

examination of the claim under the appropriate standard. While it may be understandable why the Debtor has agreed to a deal which makes practical economic sense and ends the continued accrual of administrative expenses from the ongoing litigation with B.E. Capital, the Court must make a determination under section 503(b) based on factual evidence as to the extent of any substantial contribution in the Case. In the absence of such a determination, that portion of the Motion and Settlement Agreement should not be approved.

### IV.    CONCLUSION

WHEREFORE, the United States Trustee requests that this Court deny the Motion to the extent it awards B.E. Capital up to $50,000.00 as an administrative expense claim for making a substantial contribution under 11 U.S.C. §503(b)(3) & (4), and grant such other relief as this Court deems appropriate, fair and just.

DATED: October 31, 2016

Respectfully submitted,

/s/
John T. Morgan
Attorneys for Patrick S. Layng,
United States Trustee

# CERTIFICATE OF MAILING

I HEREBY CERTIFY that, on October 31, 2016, I caused a true and correct copy of the foregoing **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO ASSUME DEBTOR'S MODIFIED EMPLOYMENT AGREEMENT WITH CLINTON E. CARNELL JR.** to be electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System as noted below:

- Jeffrey M Armington    armington.jeff@dorsey.com, asmus.natasha@dorsey.com, ventrello.ashley@dorsey.com
- Kenneth L. Cannon    kcannon@djplaw.com, khughes@djplaw.com
- Jeffrey Chubak    jchubak@samlegal.com
- David F. Crosby    dcrosby@nixonpeabody.com
- John E. Diaz    john@jdiazlaw.com
- Anna W. Drake    annadrake@att.net
- Matthew A. Gold    courts@argopartners.net
- Michael R. Johnson    mjohnson@rqn.com, docket@rqn.com, dburton@rqn.com
- David H. Leigh    dleigh@rqn.com, dburton@rqn.com, docket@rqn.com
- Penelope Parmes    Penelope.Parmes@troutmansanders.com
- E. Scott Savage    ssavage@sywlaw.com
- Sage M. Sigler    sage.sigler@alston.com
- Steven T. Waterman    waterman.steven@dorsey.com, bingham.karen@dorsey.com, ventrello.ashley@dorsey.com

Further, I certify that I caused copies of the **OBJECTION** to be forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

David Green
2174 Preston Street
Salt Lake City, UT 84106

Rocky Mountain Advisory, LLC
215 South State Street, Ste 550
Salt Lake City, UT 84111

Peter Spuler
10800 Blackpowder Court
Fort Washington, MD 20744

/s/
John T. Morgan