**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | Case No. 16-24435 |
| BSD MEDICAL CORPORATION fka Perseon Corporation, | Chapter 11 |
| Debtor. | Chief Judge Kimball R. Mosier |

**SUPPLEMENTAL DECLARATION OF JEFFREY CHUBAK**

I, Jeffrey Chubak, hereby declare:

1.      I am an attorney at Storch Amini & Munves PC, counsel to B.E. Capital Management Fund LP in this case.

2.      I submit this supplemental declaration in further support of the Debtor's motion to approve the Settlement Agreement among the Debtor, B.E. Capital, and Clinton E. Carnell, Jr., filed October 14, 2016 [ECF No. 252] (the "Motion"), and in opposition to the U.S. Trustee's objection [ECF No. 281].

3.      The U.S. Trustee objects to the Motion because it provides for payment of B.E. Capital's fees "without any formal application, review, or approval by the court." (Obj. ¶1.) That is plainly incorrect.

- Application.  Section 503 does not require the formal fee application required of an estate professional; it merely requires a "request for payment" of an administrative expense, and does not specify what form that request must take. Nothing precludes this Court from treating the Motion and my prior declaration [ECF No. 258] as the required request.

- Review.  More than adequate notice of the hearing on the Motion and the deadline to object to the same were provided so parties in interest could review B.E. Capital's invoices.  The only objection filed was that by the U.S. Trustee,

which argues B.E. Capital should not be compensated for prosecuting the motion to convert and its two appeals, and should not be compensated for $720 worth of services rendered for its individual benefit.  Those arguments fail, as discussed below.

- <u>Approval</u>.  By the Motion, the Debtor and B.E. Capital are seeking formal approval of payment of B.E. Capital's fees.  Significantly, this goes well beyond the requirements of Bankruptcy Code section 1129(a)(4), which merely requires that payment of fees in connection with a plan be "subject to" court approval.

4.    In addition, the U.S. Trustee objected on the grounds that the Motion and my prior declaration do not adequately specify the nature of B.E. Capital's contribution.  (Obj. ¶¶6-7, 10.) That contribution is as follows:

- <u>Reduction of Investment Banker's Fee</u>.  B.E. Capital negotiated a reduction of SunTrust's fee in the amount of $175,000.  That reduction resulted from B.E. Capital's objection to SunTrust's retention on the grounds that it received a preference of over $330,000 [ECF No. 78, ¶12], since Bankruptcy Code section 327(a) precludes the employment of creditors and SunTrust would have been a creditor on account of its Bankruptcy Code section 502(h) claim.  The U.S. Trustee overlooked this argument, and its own objection [ECF No. 85] resulted in no benefit to the estate.

- <u>Recovery of Preference from Dorsey & Whitney</u>.  B.E. Capital's objection to Dorsey's retention application on the grounds that it received a preference, which objection the U.S. Trustee also overlooked, resulted in a giveback of approximately $30,000 [ECF No. 138, ¶¶6-7; ECF No. 102, ¶¶10-12].

- <u>Reduction in Carnell Claim</u>.  B.E. Capital's motion to convert resulted in a nearly $60,000 reduction in the amount of Carnell's claim [ECF No. 252, ¶¶16]. Prosecution of the appeals was necessary to preserve the potential value associated with conversion, in the event a chapter 7 trustee, as appellee, agreed with B.E. Capital's position that Dorsey's and Carnell's respective giveback and claim reduction were insufficient and the parties to the appeals agreed that the employment and compensation orders appealed should be vacated.  That potential value, in turn, was leveraged by B.E. Capital in negotiating the reduction of Carnell's claim.  Accordingly, the U.S. Trustee's argument that fees incurred by B.E. Capital in moving to convert and litigating the appeals did not add value and therefore should not count towards a substantial contribution claim (Obj. ¶11) is wrong.

In short, B.E. Capital's actions resulted in benefit to the estate of roughly $265,000, which more than justifies the $50,000 administrative expense.

5.      The U.S. Trustee also objected to B.E. Capital's fees because $720 in services were incurred in furtherance of B.E. Capital's interest, and not in the interest of the estate.  (Obj. ¶12.) That does not present a problem because B.E. Capital's aggregate fees and expenses through September exceed the $50,000 cap by over $2,500.

6.      The U.S. Trustee acknowledges no statutory committee was appointed in this case to raise B.E. Capital's objections, and admitted its own objections did not benefit the estate, but does not want B.E. Capital to be paid for actions that resulted in a material net benefit that otherwise would not have been realized by the estate.  That is not how section 503(b) is supposed to operate, and the Motion should be granted.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31, 2016.

/s/ Jeffrey Chubak

## <u>CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)</u>

I hereby certify that on October 31, 2016, I electronically filed the foregoing Declaration of Jeffrey Chubak with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

- Jeffrey M Armington armington.jeff@dorsey.com, asmus.natasha@dorsey.com, ventrello.ashley@dorsey.com

- Steven T. Waterman waterman.steven@dorsey.com, bingham.karen@dorsey.com, ventrello.ashley@dorsey.com

- Matthew M. Boley mboley@cohnekinghorn.com, jhasty@cohnekinghorn.com

- Kenneth L. Cannon kcannon@djplaw.com, khughes@djplaw.com

- Jeffrey Chubak jchubak@samlegal.com

- David F. Crosby dcrosby@nixonpeabody.com

- Anna W. Drake drake@millertoone.com

- Matthew A. Gold courts@argopartners.net

- Michael R. Johnson mjohnson@rqn.com, docket@rqn.com, dburton@rqn.com

- David H. Leigh dleigh@rqn.com, dburton@rqn.com, docket@rqn.com

- John T. Morgan john.t.morgan@usdoj.gov, james.Gee@usdoj.gov, lindsey.huston@usdoj.gov, suzanne.verhaal@usdoj.gov

- Penelope Parmes penelope.parmes@troutmansanders.com

- E. Scott Savage ssavage@sywlaw.com

- Sage M. Sigler sage.sigler@alston.com

- United States Trustee USTPRegion19.SK.ECF@usdoj.gov

Storch Amini & Munves PC

/s/ Jeffrey Chubak
