**This order is SIGNED.**

 

**Dated: November 4, 2016**

**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**

---

*Prepared and Submitted By:*
Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: waterman.steven@dorsey.com
thomson.michael @dorsey.com
armington.jeff@dorsey.com

*Attorneys for Debtor-in-Possession BSD Medical Corporation fka Perseon Corporation*

---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: <br><br> BSD MEDICAL CORPORATION fka PERSEON CORPORATION, <br><br> Debtor. | Case No. 16-24435 <br><br> Chapter 11 <br><br> Chief Judge R. Kimball Mosier |
|---|---|

**ORDER GRANTING TO APPROVE SETTLEMENT AGREEMENT WITH CLINTON E. CARNELL JR. AND B.E. CAPITAL MANAGEMENT FUND LP PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

The matter before the Court is the *Debtor's Motion to Approve Settlement Agreement with Clinton E. Carnell Jr. and B.E. Capital Management Fund LP Pursuant to Federal Rule of Bankruptcy Procedure 9019* [Docket No. 252] (the "Motion"), which seeks entry of an Order authorizing the Debtor's entry into the Settlement Agreement, with B.E. Capital Management Fund LP ("B.E.") and Clinton E. Carnell Jr. ("Carnell" and together with the Debtor and B.E., the "Parties"), a copy of which is attached hereto as **Exhibit A** (the "Settlement Agreement").[1] The Motion was properly served through the Court's CM/ECF system on all parties that receive electronic service in this case. A *Notice of Hearing* on the Motion [Docket No. 256] was served on the Debtor's creditor matrix as set forth in the *Certificate of Service* [Docket No. 263] and no further notice of the Motion is required. On October 14, 2016, B.E. filed the Declaration of Jeffrey Chubak in support of the Motion [Docket No. 258] (the "Chubak Declaration"). On October 17, 2016, the Court entered an Order shortening time for notice, objection and hearing for the Motion, which set an October 31, 2016 deadline to file responses to the Motion. On October 31, 2016, the United States Trustee for the District of Utah (the "UST") filed an objection to the Motion [Docket No. 281] (the "Objection"), and B.E. filed the Supplemental Declaration of Jeffrey Chubak [Docket No. 282] (the "Supplemental Declaration") in support of the Motion. A hearing on the Motion was held on November 1, 2016 (the "Hearing"). At the Hearing, Steven T. Waterman and Jeffrey M. Armington appeared on behalf of the Debtor, John

---

[1] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Motion or the Settlement Agreement as applicable.

T. Morgan appeared on behalf of the UST and Jeffrey Chubak appeared telephonically on behalf of B.E.

The Court has considered the Motion, the Settlement Agreement, the Chubak Declaration, the Supplemental Declaration, counsel's request to treat the Substantial Contribution Claim as a request for the allowance of the Substantial Contribution Claim pursuant to 11 U.S.C. § 503(b)(3), the representations made by counsel at the Hearing, and applicable law, and the Court made its findings and conclusions at the Hearing on the record. Based thereon, the Court finds that: (i) B.E. has made a substantial contribution to this case and should be reimbursed for the expenses it has incurred; and (ii) the Chubak Declaration and the Supplemental Declaration provide sufficient support for the Court to authorize the Debtor's payment of the Substantial Contribution Claim in the amount of $50,000.00.

The Court further finds that: (i) the relief requested in the Motion is in the best interests of the Debtor's estate; (ii) the Debtor exercised reasonable business judgment in entering into the Settlement Agreement; and (iii) the Debtor's entry into the Settlement Agreement is proper pursuant to Bankruptcy Rule 9019 and applicable law. Accordingly, and for good cause otherwise appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**;

2. The Objection is overruled;

3. The Debtor is authorized to enter into the Settlement Agreement attached hereto as **Exhibit A**; and

4. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion and the Settlement Agreement.

(End of Document)

# **EXHIBIT A**

# SETTLEMENT AGREEMENT

This settlement agreement (this "Agreement") is entered into this 13th day of October, 2016 (the "Effective Date"), by and between (i) B.E. Capital Management Fund LP ("B.E."), (ii) Clinton E. Carnell Jr. ("Carnell"), and (iii) BSD Medical Corporation f/k/a Perseon Corporation ("BSD" or "Debtor" and together with B.E. and Carnell, the "Parties"), the debtor in possession in the bankruptcy case styled as *In re BSD Medical Corporation fka Perseon Corporation*, Case No. 16-24435 (the "Bankruptcy Case"), filed in the United States Bankruptcy Court for the District of Utah (the "Court").

## RECITALS

A.   On November 10, 2014, the Debtor and Carnell entered into that certain "Employment Agreement", which among other things provides for: (i) a $350,000 annual base salary (the "Base Salary"), (ii) a $150,000 minimum annual bonus, (iii) vacation pay, and (iv) a severance payment in an amount equal to two years' worth of Base Salary.

B.   On May 23, 2016 (the "Petition Date"), Perseon filed a petition seeking relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, with the Court thus commencing the Bankruptcy Case.

C.   On May 23, 2016, the Debtor filed its Schedules and Statement of Financial Affairs [Docket No. 4], which listed Carnell as having a general unsecured claim in the amount of $830,212.00 ("Carnell's Scheduled Claim").

D.   On August 2, 2016, the Court entered its *Order Granting Debtor's Motion for Entry of an Order Authorizing Debtor to Reinstate Salary Pursuant to Debtor's Employment Agreement with Clinton E. Carnell Jr.* [Docket No. 148] (the "Salary Reinstatement Order"), which authorized the Debtor to reinstate compensation for Carnell pursuant to the Employment Agreement.

E.   On August 3, 2016, the Court entered its *Order Granting Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Dorsey & Whitney LLP as Counsel for the Debtor in Possession* [Docket No. 150] (the "Dorsey Retention Order").

F.   On August 12, 2016, B.E. filed its *Motion for Order Converting Case to Chapter 7* [Docket No. 162] (the "Motion to Convert"), which seeks to convert the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code.  The Court held a preliminary hearing on the Motion to Convert on September 20, 2016, and an evidentiary hearing was scheduled for October 5, 2016.

G.   On August 16, 2016, B.E. filed a notice of appeal of the Salary Reinstatement Order with the United States Bankruptcy Appellate Panel of the Tenth Circuit [Docket No. 167], which appeal is now pending before the United States District Court for the District of Utah as case number 2:16-cv-00968-DB (the "Salary Reinstatement Order Appeal").

H. On August 17, 2016, B.E. filed a notice of appeal of the Dorsey Retention Order with the United States Bankruptcy Appellate Panel of the Tenth Circuit [Docket No. 172], which appeal is now pending before the United States District Court for the District of Utah as case number 2:16-cv-00969-DB (the "Dorsey Retention Order Appeal" and together with the Salary Reinstatement Order Appeal, the "Appeals").

I. On September 8, 2016, the Debtor filed *Debtor's Motion for Entry of an Order Authorizing Rejection of Clinton E. Carnell Employment Agreement* [Docket No. 202] (the "Carnell Rejection Motion"), through which the Debtor seeks to reject the Employment Agreement as of the Petition Date.

J. On September 13, 2016, Carnell filed a general unsecured proof of claim docketed as Claim No. 44 in the Bankruptcy Case in the face amount of $756,651.00, plus additional compensation that Carnell claims he accrued prior to the Petition Date (the "Carnell Proof of Claim").

K. On September 16, 2016, the Debtor filed *Debtor's Motion for Entry of Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Notice Materials; (III) Approving Forms of Ballots; (IV) Establishing Solicitation and Voting Procedures; (V) Scheduling a Confirmation Hearing; and (VI) Establishing Notice and Objection Procedures* [Docket No. 211] (the "Disclosure Statement Motion"). Through the Disclosure Statement Motion, the Debtor seeks entry of an Order approving the adequacy of the Debtor's proposed disclosure statement a copy of which is attached to the Disclosure Statement Motion as Exhibit A (the "Disclosure Statement"), as it relates to the Debtor's proposed plan which is attached to the Disclosure Statement as Exhibit 1 (the "Plan"). The Court has scheduled a hearing on the Disclosure Statement Motion for November 1, 2016.

L. B.E. owns the following claims in the Bankruptcy Case (collectively, the "B.E. Claims"): (i) Claim No. 20, $2,293.85 general unsecured claim; (ii) Claim No. 22, $56,495.36 general unsecured claim; (iii) Claim No. 25, $42,012.70 general unsecured claim; (iv) Claim No. 30, $4,924.23 general unsecured claim; (v) Claim No. 33, $10,491.74 general unsecured claim; and (vi) Claim No. 35, $8,329.20 general unsecured claim.

M. The Parties have exchanged information and entered into arms' length and good-faith negotiations to avoid the costs, expenses and uncertainty of ongoing litigation, and without admitting liability or wrong doing by any Party, the Parties have agreed to resolve and compromise the claims and disputes which may exist between them, whether known or unknown, pursuant to the terms and conditions more fully set forth below.

**AGREEMENT**

NOW THEREFORE, in consideration of the mutual promises, covenants and agreements set forth in this Agreement, and based upon the foregoing recitals, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Reduction and Allowance of Carnell Proof of Claim**.  The Parties agree that the Carnell Proof of Claim shall be reduced and allowed as a general unsecured claim in the Bankruptcy Case in the amount of $700,000.00 (the "Allowed Carnell Claim").  Carnell agrees that he shall receive no distribution from the Debtor in the Bankruptcy Case other than any payment from the Debtor's estate on account of the Allowed Carnell Claim.  Carnell agrees that he shall not receive any distribution in the Bankruptcy Case on account of Carnell's Scheduled Claim or any amounts asserted in the Carnell Proof of Claim in excess of the Allowed Carnell Claim, or on account of any administrative claim or proof of claim (other than an amended proof of claim for the amount of the Allowed Carnell Claim) in the Bankruptcy Case or upon any other basis.

2. **B.E. Substantial Contribution Claim**.  The Parties agree that B.E. shall have an allowed claim under 11 U.S.C. § 503(b)(4) in the amount of its reasonable, documented attorneys' fees and expenses incurred through September 30, 2016 in connection with the Bankruptcy Case and Appeals, subject to a $50,000 cap (the "Substantial Contribution Claim").  Within three business days following the Effective Date, B.E. shall file a declaration with the Court attaching invoices detailing such fees and expenses and serve a copy of the same via ECF.  Court approval of this Agreement shall constitute a final determination as to the reasonableness of B.E.'s attorneys' fees and expenses.  B.E. agrees that other than the Substantial Contribution Claim, and payment on account of the B.E. Claims or any other claims that B.E. purchases in the Bankruptcy Case, that B.E. will not receive any distribution on account of any other administrative claim or proof of claim in the Bankruptcy Case.

3. **Stay of Appeals and Motions**.  As of the Effective Date of this Agreement, B.E. agrees to continue the Motion to Convert and to stay the Appeals until the Court has had an opportunity to rule on the Debtor's motion for approval of this Agreement.  The Debtor agrees to consent to any such stays to the extent necessary.

4. **Dismissal of Appeals and Withdrawal of Motion to Convert**.  Upon entry of an Order by the Court approving this Agreement, B.E. agrees to withdraw the Motion to Convert and dismiss the Appeals with prejudice.

5. **Payment of the Substantial Contribution Claim**.  The Debtor and B.E. agree that the Substantial Contribution Claim shall be paid as an administrative claim in the Bankruptcy Case on the effective date of the Plan.  However, in the event that B.E. files additional motions or objections in the Bankruptcy Case (other than any objection by B.E. to the language in the Disclosure Statement), or appeals any Orders by the Court in the Bankruptcy Case, the Debtor reserves the right to withhold any payment that may be owed to B.E.

6. **Denial of Liability**.  The Parties deny any liability to one another and state that they are entering into this Agreement to resolve issues between them without litigation and the expenses related thereto.

7. **Release of Claims Among the Carnell Release Parties and the Debtor Release Parties**.  Except as set forth in Paragraph 8, effective on the payment of the Allowed Carnell Claim, certain of the Parties agree as follows: (A)  Release by the Carnell Release Parties:

Carnell, on behalf of himself and his agents, and his successors and assigns (the "Carnell Release Parties"), hereby releases and forever discharges the Debtor, as well as the Debtor's officers, directors, agents, attorneys and representatives, and any predecessors, successors and assigns thereof (collectively, the "Debtor Release Parties") from any and all manner of actions, causes of action in law or in equity, suits, debts, liens, contracts, liabilities, claims, demands, damages, losses, fees, costs, expenses, set off, or claims for recoupment, of any nature whatsoever, known or unknown, fixed or contingent, that the Carnell Release Parties may have against the Debtor Released Parties from the beginning of time to the date of this Release, or which may hereafter accrue against the Debtor Released Parties based upon any claims, acts or omissions occurring prior to the date of this Release, including but not limited to all claims related to the Carnell Allowed Claim. (B)  Release by the Debtor Release Parties.  The Debtor Release Parties hereby release and forever discharge the Carnell Release Parties, and their officers, directors, agents, attorneys and representatives, and any predecessors, successors and assigns thereof from any and all manner of actions, causes of action in law or in equity, suits, debts, liens, contracts, liabilities, claims, demands, damages, losses, fees, costs, expenses, set off, or claims for recoupment, of any nature whatsoever, known or unknown, fixed or contingent, that the Debtor Release Parties may have against the Carnell Release Parties from the beginning of time to the date of this Release, or which may hereafter accrue against the Carnell Release Parties based upon any claims, acts or omissions occurring prior to the date of this Release, including but not limited to all claims related to the Carnell Allowed Claim.

8. **Exception from Releases**.  Notwithstanding the releases set forth in Paragraph 7, the Carnell Release Parties do not release any of the Debtor Release Parties or their insurers, sureties, co-obligors or other third parties from any claims debts, liens, contracts, liabilities, claims, demands, damages, losses, fees, costs, expenses, set offs, or claims for recoupment, or other rights of any nature whatsoever, known or unknown, fixed or contingent, to the extent the Carnell Release Parties seek indemnification, contribution or reimbursement of any kind arising out of or related to Carnell's service to the Debtor as an officer or director.

9. **Attorneys' Fees and Costs**.  The Parties agree that they will bear their own respective attorneys' fees and costs incurred in connection with entering into, obtaining Court approval of, and implementing this Agreement.

10. **Court Approval**.  The Debtor's entry into this Agreement is to approval by the Court, which the Parties agree has jurisdiction over the Bankruptcy Case.

11. **Effectuation of Agreement**.  The Parties agree to perform any other or further acts, and execute and deliver any other or further documents, as may be necessary or appropriate to implement this Agreement, including without limitation any documents necessary to obtain approval of this Agreement from the Court.  Except as specifically required by any Order entered by the Court, the Debtor may execute any documents necessary to effectuate this Agreement without further notice and hearing.

12. **Binding Effect**.  This Agreement shall be binding upon each of the Parties and their respective successors-in-interest, assigns, executors, affiliates, administrators, personal representatives, estates and to all persons or entities claiming by, through or under them,

including but not limited to any successor to the Debtor.  All representations and warranties made herein shall survive execution of this Agreement and shall at all times subsequent to the execution of this Agreement remain binding and fully enforceable.

13. **Bankruptcy Court Jurisdiction**.  Any claims or causes of action, whether legal or equitable, arising out of or based upon this Agreement or related documents, including but not limited to the interpretation and/or enforcement of this Agreement, shall be commenced in the Court.  The Parties hereby consent to the jurisdiction, venue and process of the Court.

14. **Governing Law**.  This Agreement is made pursuant to, and, except where specifically stated otherwise, shall be governed by the laws of the State of Utah and, where applicable, federal bankruptcy law.

15. **Construction of Agreement**.  This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with governing law.  This Agreement has been negotiated by each of the Parties (or their respective counsel), and the language of the Agreement shall not be construed for or against any particular Party.

16. **Voluntary Agreement**.  This Agreement has been carefully read by the Parties and has been reviewed by the Parties' respective legal counsel; the contents hereof are known and understood by the Parties; and each of the Parties acknowledges that such Party is under no duress or undue influence and that each of the Parties executes this Agreement as its own free and voluntary act.

17. **Integration and Amendments**.  This Agreement shall constitute the entire agreement and understanding of and between the Parties in relation to matters described herein, and no statements, representations, inducements or promises other than as expressly set forth herein have been given or received by any of the Parties (nor by their respective agents, employees, attorneys or representatives) in return for the same.  All negotiations, oral conversations, statements, representations and/or agreements leading up to the execution of this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation or otherwise.  No parole or extrinsic evidence may be used to contradict any of the terms of this Agreement.  Any amendment to this Agreement must be in writing, signed by duly authorized representatives of the Parties hereto, and specifically state the intent of the Parties to amend this Agreement.

18. **Severability**.  To the extent that any portion of this Agreement is held unenforceable by a court, tribunal or arbiter of competent jurisdiction, the remainder of this Agreement shall remain binding and enforceable, provided that the primary purposes of the Agreement are not frustrated.

19. **No Admission** .  Signing this Agreement or complying with its terms does not constitute an admission on behalf of any Party.

20. **Counterparts**.  This Agreement may be executed by the Parties hereto in any number of identical counterparts, each of which, once executed and delivered in accordance with the

terms of this Agreement, will be deemed an original, with all such counterparts taken together constituting one and the same instrument. Delivery by facsimile, encrypted e-mail or e-mail file attachment of any such executed counterpart to this Agreement will be deemed the equivalent of the delivery of the original executed agreement or instrument.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date and year first above written.

**BSD MEDICAL CORPORATION**
**fka PERSEON CORPORATION**


_____
By: _____
Its: _____


**B.E. CAPITAL MANAGEMENT FUND LP**


*Thomas Braziel*
By: Thomas Braziel         _____
Its: \_\_Mananging Partner, B.E. Capital Management Fund LP


**CLINTON E. CARNELL JR.**



_____

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date and year first above written.

**BSD MEDICAL CORPORATION**
**fka PERSEON CORPORATION**

By: _____
Its: _____

**B.E. CAPITAL MANAGEMENT FUND LP**

By: _____
Its: _____

**CLINTON E. CARNELL JR.**

_[signature]_

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date and year first above written.

**BSD MEDICAL CORPORATION
fka PERSEON CORPORATION**

By: _____
Its: _____

**B.E. CAPITAL MANAGEMENT FUND LP**

By: _____
Its: _____

**CLINTON E. CARNELL JR.**

_____