Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email:  waterman.steven@dorsey.com
        thomson.michael @dorsey.com
        armington.jeff@dorsey.com

*Attorneys for Debtor in Possession*
*BSD Medical Corporation fka Perseon Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 16-24435 |
| BSD MEDICAL CORPORATION fka PERSEON CORPORATION, | Chapter 11 |
| Debtor. | Chief Judge R. Kimball Mosier |

**DEBTOR'S OPPOSITION TO MOTION OF PAUL M. SCHWARTZ TO TERMINATE AUTOMATIC STAY TO ALLOW CONTINUATION OF FEDERAL COURT LITIGATION AGAINST NON-DEBTORS AND MEMORANDUM IN SUPPORT**

BSD Medical Corporation fka Perseon Corporation ("BSD" or "Debtor"), the debtor in possession in the above captioned bankruptcy case hereby submits this "Opposition" to the *Motion of Paul M. Schwartz to Terminate Automatic Stay to Allow Continuation of Federal Court Litigation Against Non-Debtors and Memorandum in Support* [Docket No. 267] (the

"Motion to Terminate"), filed by Paul Schwartz ("Schwartz").    In further support of this

Opposition, the Debtor states as follows:

## PRELIMINARY STATEMENT

Through the Motion to Terminate, Schwartz requests Court authority to reinitiate

dismissed litigation in Delaware by filing a new complaint against the Debtor and numerous

current and former directors and officers of the Debtor.  There is no litigation pending.  There is

no operative complaint on file, and Schwartz failed to attach a proposed amended complaint to

the Motion to Terminate.  Schwartz did not file a proof of claim in this case.  Further, the Motion

to Terminate, which was intentionally filed five months after the Debtor's petition date, does not

explain what the Debtor's role as a "nominal defendant" would be in any complaint that

Schwartz may file.  In sum, Schwartz is asking this Court to grant him carte blanche to file a new

and unspecified complaint against the Debtor and others in Delaware because his prior complaint

was dismissed prepetition.  Schwartz had ample opportunity to file the Motion to Terminate

early in this case, but now, with this case soon proceeding towards confirmation, Schwartz

should not be given an opportunity to file a new complaint against the Debtor and others in a

foreign jurisdiction.

## BACKGROUND FACTS

1.      On April 29, 2015, Schwartz filed a "Complaint" against the Debtor, and eleven

individuals, both current and former directors and officers of the Debtor (collectively, the

"Defendants") in the United States District Court for the District of Delaware (the "Delaware

Court") asserting six claims for relief for various securities law violations, thereby initiating the

case captioned as *Schwartz v. Perseon Corporation (f/k/a BSD Medical Corporation) et al.*, Case

No. 1:15-cv-00344-LPS (D. Del.) (the "Delaware Case").

2.      On June 30, 2015, the Defendants filed a "Motion to Dismiss" the Complaint in

its entirety [Delaware Case Docket No. 7].

3.      On March 29, 2016, the Delaware Court issued a Memorandum Opinion which

granted the Motion to Dismiss, dismissed the Complaint in its entirety and gave Schwartz leave

to file an amended Complaint [Delaware Case Docket No. 26] (the "Memorandum Opinion"),[1]

and entered an order incorporating the Memorandum Opinion [Delaware Case Docket No. 27].

4.      The Delaware Court gave Schwartz an opportunity to file an amended complaint

and the Defendants stipulated to extend Schwartz's deadline to file an amended complaint

through May 30, 2016 [Delaware Case Docket No. 28].

5.      On May 23, 2016 (the "Petition Date") the Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of Utah (the "Court") thereby commencing the above-captioned "Chapter 11 Case."

6.      On May 25, 2016, the Debtor filed a suggestion of bankruptcy in the Delaware

Case [Delaware Case Docket No. 30] and the Delaware Case was stayed.

7.      The Debtor listed its pending litigation with Schwartz in the Delaware Case in its

Statement of Financial Affairs [Docket No. 4].

8.      Schwartz received notice of the filing of this Chapter 11 Case [Docket No. 3].

---

[1]      A copy of the Memorandum Opinion is attached as Exhibit 1 to Schwartz's declaration in
support of the Motion to Terminate.

9. On July 9, 2016, Schwartz sent a letter to this Court [Docket No. 82] joining in two objections filed by B.E. Capital Management Fund LP [Docket Nos. 78 and 79].

10. The bar date for non-governmental entities to file proofs of claim in this Chapter 11 Case was September 14, 2016 (the "Bar Date").

11. Schwartz did not file a proof of claim against the Debtor prior to the Bar Date or at any time.

12. On September 16, 2016, the Debtor filed a motion to approve the Debtor's proposed disclosure statement (the "Disclosure Statement"), to which a copy of the Debtor's proposed plan was attached as Exhibit 1 (the "Plan").

13. On October 19, 2016, in addition to filing the Motion to Terminate, Schwartz filed an objection to the adequacy of the Disclosure Statement.

14. On November 4, 2016, the Court entered an Order approving the adequacy of the Debtor's Disclosure Statement and the Debtor has begun the process of soliciting votes on the Plan.

## APPLICABLE LAW

11 U.S.C. § 362(d)(1) states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .[2]

---

[2] 11 U.S.C. § 362(d)(1).

"Because there is no clear definition of what constitutes 'cause' discretionary relief from the stay

must be determined on a case by case basis."[3]  The Tenth Circuit Court of Appeals has identified

"one factor that can be dispositive in determining whether a party can successfully move for

relief from the automatic stay under § 362(d)(1)—namely, the likelihood that the movant would

prevail in the litigation if the stay were lifted."[4]  In *In re Curtis*,[5] acknowledged by Schwartz,

this Court identified twelve factors that it considers when it evaluates a motion for relief from

stay as to foreign forum litigation, which include:

> (1) Whether the relief will result in a partial or complete resolution of the issues.
> (2) The lack of any connection with or interference with the bankruptcy case.
> (3) Whether the foreign proceeding involves the debtor as a fiduciary.
> (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.
> (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.
> (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.
> (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.
> (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).
> (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).
> (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

---

3       *Chizzali v. Gindi (In re Gindi)*, 642 F.3d 865, 872 (10th Cir. 2011).

4       *Id*.

5       40 B.R. 795 (Bankr. D. Utah 1984).

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

(12) The impact of the stay on the parties and the "balance of hurt."[6]

## OPPOSITION

The Motion to Terminate should be denied because there is little likelihood that Schwartz would prevail in the Delaware Case if the Motion to Terminate is granted, and because the *Curtis* factors weigh heavily in favor of denying the motion.

### I.   Schwartz has Little Likelihood of Prevailing in the Delaware Case.

In its twenty page Memorandum Opinion granting Defendants' Motion to Dismiss, the Delaware Court painstakingly examined each of Schwartz's six claims for relief and the facts underlying those claims to conclude that Schwartz's allegations were insufficient to state any claim against the Defendants.[7]  In particular, the Delaware Court concluded that: (a) Schwartz "failed to state a claim for federal securities fraud and state law fraud because the Complaint does not sufficiently allege a material misrepresentation or omission;"[8] (b) Schwartz's allegations: (i) were not pleaded with sufficient particularity, (ii) failed to explain how statements were misleading, and (iii) were contradicted by contemporaneous SEC filings;[9] and (c) Schwartz's derivative claims were precluded, because Schwartz made demand on the Debtor's board, the Debtor's board undertook an investigation, and the Debtor's directors exercised their

---

[6]     *Id.* at 799-800 (internal quotations and citations omitted).

[7]     Memorandum Opinion at pp. 19-20.

[8]     *Id.* at p. 9.

[9]     *Id.* at pp. 9-16.

business judgment and determined that proceeding with Schwartz's derivative claims was not in

the Debtor's best interests.[10]

Accordingly, based on the analysis conducted by the Delaware Court in its Memorandum

Opinion and its dismissal of the original complaint, there is a low likelihood of Schwartz

prevailing in the Delaware Case, which at this point has no claims asserted.  This factor weighs

heavily in favor of denying the Motion to Terminate.

**II.      The *Curtis Factors* Weigh in Favor of Denying the Motion to Terminate**

In addition to the low likelihood of Schwartz prevailing in the Delaware Case, the

balance of the *Curtis* factors weigh heavily in favor of denying the Motion to Terminate.  Each

of those factors is addressed below:

A.  *Whether the relief will result in a partial or complete resolution of the issues*.

There is no operative complaint in the Delaware Case and Schwartz provides no reason

why any claims that he may have against the Debtor could not be litigated in this Court.  In the

Motion to Terminate, Schwartz states that the Debtor would only be a "nominal party" in the

Delaware Case, with no explanation of what this means and with no proposed amended

complaint attached to allow this Court, or the Debtor, to evaluate the potential claims Schwartz

intends to assert against the Debtor.  Accordingly, this factor weighs in favor of denying the

Motion to Terminate.

B.  *The lack of any connection with or interference with the bankruptcy case*.

Granting the Motion to Terminate will undoubtedly interfere with this Chapter 11 Case.

First, if the Motion to Terminate is granted, Schwartz states that he intends to pursue extensive

---

[10]      *Id.* at pp. 17-19.

discovery against the Debtor, which the Debtor will need to devote time and money to respond

to, and the Debtor will certainly have to file pleadings in the Delaware Case.  At this point, the

Debtor is saving costs to preserve the estate and has no full time employees.  Second, because

any potential claim of Schwartz is unstated and unknown, there are no assurances that the

Debtor's D&O insurance provider would pay all insurance claims that the Debtor and the other

Defendants submitted to it so the Debtor would need to reserve sufficient funds to be able to pay

those potential claims.  Accordingly, granting the Motion to Terminate would likely delay or

reduce the payments that the Debtor is proposing to make if the Plan is confirmed and at a

minimum would delay distribution in accordance with the proposed Plan.  Finally, absent any

amended complaint it is impossible for the Debtor to determine exactly how granting the Motion

to Terminate could interfere with the administration of the Chapter 11 Case.  Accordingly, this

factor weighs in favor of denying the Motion to Terminate.

> C. *Whether the foreign proceeding involves the debtor as a fiduciary.*

This factor is inapplicable based upon the dismissed Complaint. It is unknown whether

any potential claim could be based upon the debtor as a fiduciary.

> D. *Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.*

There is no specialized tribunal established.  The Delaware Court is not a specialized

tribunal and there is no reason for this Court to defer to the Delaware Court to adjudicate any

claims that Schwartz may have against the Debtor, especially in this case in which Schwartz has

failed to file any proof of claim.  Accordingly, this factor weighs in favor of denying the Motion

to Terminate.

E. *Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.*

Because there is no pending complaint in Delaware, the Debtor's insurance carrier has not assumed full financial responsibility for defending the litigation. Any costs that the Debtor would be required to pay to defend itself in the Delaware Case could diminish the Debtor's bankruptcy estate. Accordingly, this factor weighs in favor of denying the Motion to Terminate.

F. *Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.*

Schwartz is seeking leave to file an unspecified amended complaint in the Delaware Case and to name the Debtor as a defendant. Despite Schwartz's representations that the Debtor will only be a "nominal defendant," without a proposed complaint there is no way that the Debtor or this Court can evaluate the claims that Schwartz may assert. A nominal defendant implies derivative claims but none are pending. This factor weighs in favor of denying the Motion to Terminate.

G. *Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.*

Allowing Schwartz, who has not a filed a claim in this Chapter 11 Case, to reinvent litigation in the Delaware Case will prejudice the interests of creditors and other parties in interest. First, costs incurred by the Debtor in defending against a new complaint filed by Schwartz in the Delaware Case would diminish the value of the Debtor's estate. Second, if the Motion to Terminate is granted, the Debtor will have to reserve sufficient funds to pay legal fees and costs associated with defending itself in the Delaware Case. With the Debtor seeking to confirm the Plan in the coming weeks and have the Plan be effective shortly thereafter, if the Motion to Terminate is granted, the effective date and amounts of payments to the Debtor's

9

creditors and equity holders under the Plan may be altered.  Thus, this factor weighs against

granting relief to Schwartz.

      H. *Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).*

The prior claims that Schwartz asserted and apparently those he desires to rekindle

against the Debtor are related to Schwartz's purchase of equity securities in the Debtor.  In the

Motion to Terminate, Schwartz states that the Delaware Case will not give rise to a claim against

the Debtor, but, absent a draft amended complaint, the Debtor and this Court cannot evaluate

whether that statement is accurate.  Finally, any judgment that Schwartz would obtain against the

Debtor based on Schwartz's purchase of the Debtor's equity securities would be subject to

equitable subordination pursuant to section 510(b).  Although the *Curtis* factor recites section

510(c) subordination, the issue of subordination addressed in that factor would apply to section

510(b) subordination as well.  Accordingly, this factor weighs in favor of denying the Motion to

Terminate.

      I. *Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).*

This factor is inapplicable as it only applies to consumer cases.

      J. *The interest of judicial economy and the expeditious and economical determination of litigation for the parties.*

Judicial economy will not be served by granting the Motion to Terminate and allowing

Schwartz to file an undescribed amended complaint in the Delaware Case.  There is no ongoing

litigation.   There has been no discovery.   Because the Delaware Case would have to be

completely restarted, there is no reason to grant the Motion to Terminate and proceed in a

foreign forum.  This factor weighs in favor denying the Motion to Terminate.

10

K. *Whether the foreign proceedings have progressed to the point where the parties are prepared for trial*.

There is no operative complaint in the Delaware Case. There has been no discovery. The Delaware Case commenced in April 2015 and the Delaware Court granted the Motion to Dismiss on March 29, 2016 – almost one year later. The Delaware Case is not remotely close to trial-ready and there is no reason to grant the Motion to Terminate to allow Schwartz to file an unarticulated new complaint in the Delaware Case and initiate litigation against the Debtor.

L. *The impact of the stay on the parties and the "balance of hurt*."

Here the balance of hurt clearly weighs in favor of the Debtor. Schwartz could have participated in this Chapter 11 Case, could have filed the Motion to Terminate at the inception of this Chapter 11 Case, could have filed a proof of claim, and could have attached a copy of his proposed amended complaint to the Motion to Terminate. Schwartz did none of the above but instead tactically waited until this case is nearly concluded to seek authority to file an undescribed amended complaint with new claims in the Delaware Case, which will delay the administration of the Debtor's estate, squander valuable estate resources, and diminish distribution to creditors and equity holders. The Debtor is proceeding toward confirmation of the Plan and this Court should not countenance Schwartz's attempt to derail this case by forcing the Debtor to litigate an unidentified complaint in a foreign jurisdiction.

The cases cited by Schwartz are inapposite. In *Jim's Maint. & Sons Inc. v. Target Corp. (In re Jim's Maint. & Sons Inc.)*,[11] the Tenth Circuit affirmed the bankruptcy court's modification of the automatic stay where the debtor had filed a lawsuit against the creditor and

---

[11]     418 F. App'x 726 (10th Cir. 2011).

11

the creditor sought to assert counterclaims in the litigation initiated by the debtor.[12]   In *Paul v. Iglehart (In re Paul)*,[13] the Tenth Circuit held that a discharge injunction was not violated when a plaintiff merely sought discovery against a discharged debtor and asserted claims against that former debtor which arose post-petition.[14]   Here, there is no operative complaint in the Delaware Case, the Debtor did not initiate the action, and the Debtor assumes, in the absence of a proposed amended complaint, that the claims Schwartz would assert all deal with pre-Petition Date events. Accordingly, there is no support for granting the Motion to Terminate.

**CONCLUSION**

WHEREFORE, because the *Curtis* factors weigh heavily in favor of denial, this Court is capable of determining any claims of Schwartz, and because this Court should not give Schwartz open unconstrained relief to file an unidentified complaint against the Debtor in a foreign jurisdiction, this Court should deny the Motion to Terminate.   The Debtor also requests such other relief as is just and proper.

DATED this 8th day of November, 2016.

**DORSEY & WHITNEY LLP**

*/s/ Jeffrey M. Armington*
Steven T. Waterman
Michael F. Thomson
Jeffrey M. Armington
*Attorneys for Debtor in Possession, BSD Medical
Corporation fka Perseon Corporation*

---

[12]     *Id.* at 727-30.

[13]     534 F.3d 1303 (10th Cir. 2008).

[14]     *Id.* at 1305, 1314-15.