Steven T. Waterman (4164)
Michael F. Thomson (9707)
Jeffrey M. Armington (14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email:  waterman.steven@dorsey.com
          thomson.michael@dorsey.com
          armington.jeff@dorsey.com

*Attorneys for Debtor-in-Possession BSD Medical Corporation fka Perseon Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>BSD MEDICAL CORPORATION fka PERSEON CORPORATION,<br><br>Debtor. | Case No. 16-24435<br><br>Chapter 11<br><br>Chief Judge R. Kimball Mosier |

**NOTICE OF FILING PLAN SUPPLEMENT**

**PLEASE TAKE NOTICE** that:

1. By the Order entered on November 4, 2016 (the "<u>Disclosure Statement Order</u>"), the United States Bankruptcy Court for the District of Utah approved the Disclosure Statement filed by BSD Medical Corporation fka Perseon Corporation ("<u>Debtor</u>") and directed the Debtor to solicit votes to accept or reject the *Debtor's Plan Pursuant to Chapter 11 of the Bankruptcy Code* (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "<u>Plan</u>").[1]

2. In Article III.F of the Plan, the Debtor stated that if the Plan is confirmed, the Debtor would designate a Disbursing Agent, pursuant to a Disbursing Agent Agreement, who will be vested with the authority to pursue Causes of Action on behalf of the Debtor's estate, to

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

1

make Distributions to Holders of Allowed Claims and Interests, and to conduct the Wind Down of the Debtor.

   3. In the Plan, the Debtor stated that it would file a Plan Supplement by December 9, 2016, which would include a proposed Disbursing Agent Agreement. Accordingly, attached hereto as **Exhibit A** is a proposed Disbursing Agent Agreement.

  DATED this 9th day of December, 2016.

            **DORSEY & WHITNEY LLP**

            */s/ Jeffrey M. Armington*
            Steven T. Waterman
            Michael F. Thomson
            Jeffrey M. Armington
            *Attorneys for Debtor-in-Possession BSD Medical Corporation fka Perseon Corporation*

# **EXHIBIT A**

# DISBURSING AGENT AGREEMENT

Page

DISBURSING AGENT AGREEMENT ....................................................................................... i

1. Incorporation of Plan, Retention of Title, and Vesting of Legal Actions ............................ 1

    1.1   Incorporation of Plan ................................................................................................. 1
    1.2   Title ............................................................................................................................ 2
    1.3   Vesting of Legal Actions ........................................................................................... 2

2. The Disbursing Agent ......................................................................................................... 2

    2.1   Appointment .............................................................................................................. 2
    2.2   Administration of Disbursing Agent Assets .............................................................. 2
    2.3   General Powers .......................................................................................................... 2
    2.4   Non-Cash Property .................................................................................................... 4
    2.5   Representative of Debtor ........................................................................................... 4
    2.6   Exclusive Authority to Pursue, Settle, or Abandon Claims and Causes of
          Action ......................................................................................................................... 4
    2.7   Payment of Disbursing Agent Expenses .................................................................... 4

          2.7.1   Payment of United States Trustee's Fees ....................................................... 5
          2.7.2   Disbursing Agent and Disbursing Agent Professionals' Fees ....................... 5

    2.8   Reports ....................................................................................................................... 5
    2.9   Discretion of Disbursing Agent ................................................................................. 5
    2.10  Reliance by Disbursing Agent ................................................................................... 6
    2.11  Reliance on Disbursing Agent ................................................................................... 6
    2.12  Bond ........................................................................................................................... 6
    2.13  Limitation on Liability and Indemnification ............................................................. 6
    2.14  Limitations on Disbursing Agent ............................................................................... 7

          2.14.1  No Trade or Business .................................................................................... 7
          2.14.2  No Limitation on Disbursing Agent's Own Business ................................... 7

3. Distributions ........................................................................................................................ 7

    3.1   Distributions from Disbursing Agent Assets ............................................................. 7
    3.2   Distributions; Withholding ........................................................................................ 7
    3.3   Disbursing Agent Reserve ......................................................................................... 8
    3.4   No Distribution Pending Allowance; Estimation. ..................................................... 8

          3.4.1   Allowance of Claims and Interests ................................................................ 8
          3.4.2   Estimation ...................................................................................................... 8

    3.5   Disputed Reserves ..................................................................................................... 8

|     | 3.6   | Method of Distribution. | 9 |
|-----|-------|-------------------------|---|
|     | 3.6.1 | General | 9 |
|     | 3.6.2 | Timing and Calculation of Distribution Amounts | 9 |
|     | 3.6.3 | Form of Distributions | 9 |
|     | 3.6.4 | Minimum Distributions | 10 |
|     | 3.7   | Unclaimed Property | 10 |
|     | 3.8   | Setoff and Recoupment | 10 |
| 4.  | Dissolution of the Debtor and Discharge and Release of Disbursing Agent | | 11 |
|     | 4.1   | Discharge of Disbursing Agent | 11 |
|     | 4.2   | Winding Up and Dissolution of the Debtor | 11 |
| 5.  | Miscellaneous | | 11 |
|     | 5.1   | Amendments | 11 |
|     | 5.2   | Waiver | 11 |
|     | 5.3   | Cumulative Rights and Remedies | 11 |
|     | 5.4   | Sales of Disbursing Agent Assets | 11 |
|     | 5.5   | Notices | 11 |
|     | 5.6   | Severability | 12 |
|     | 5.7   | Counterparts | 12 |
|     | 5.8   | Headings | 12 |
|     | 5.9   | Construction | 12 |
|     | 5.10  | Governing Law | 12 |
|     | 5.11  | Subject to Bankruptcy Court's Jurisdiction | 12 |
|     | 5.12  | Further Assurances | 13 |
|     | 5.13  | Integration | 13 |
|     | 5.14  | Counterparts | 13 |

# DISBURSING AGENT AGREEMENT

This disbursing agent agreement (the "Disbursing Agent Agreement") is made this ____th day of December, 2016, in connection with the *Debtor's Plan Pursuant to Chapter 11 of the Bankruptcy Code* (as the same has been or may be amended and confirmed, the "Plan") filed in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court"), by and between BSD Medical Corporation fka Perseon Corporation (the "Debtor") and John H. Curtis of Rocky Mountain Advisory, LLC (the "Disbursing Agent" and together with the Debtor, the "Parties").

## RECITALS

A.    **WHEREAS**, On May 23, 2016 (the "Petition Date"), the Debtor filed a petition seeking relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, with the Court thus commencing the Bankruptcy Case;

B.    **WHEREAS**, on December __, 2016, the Bankruptcy Court entered an Order confirming the Plan (the "Confirmation Order"), which Plan as confirmed is incorporated by reference herein as discussed in Section 1.1 below, and all capitalized terms used herein shall have the meanings ascribed to them in the Plan;

C.    **WHEREAS**, the Plan's Effective Date occurred on the date hereof;

D.    **WHEREAS**, Article III.F of the Plan contemplates the: (a) appointment of the Disbursing Agent on the Effective Date; (b) granting of authority to the Disbursing Agent to manage, distribute, sell or abandon the Disbursing Agent Assets in accordance with the Plan and the Confirmation Order; and (c) Disbursing Agent's succession of the Debtor's rights to object to any and all Claims and Interests; and

E.    **WHEREAS**, the Debtor, and the Disbursing Agent, desire to appoint the Disbursing Agent and vest the authority in the Disbursing Agent, as contemplated by the Plan, pursuant to this Disbursing Agent Agreement.

## AGREEMENT

**NOW THEREFORE**, for and in consideration of the premises, and the mutual promises and agreements contained herein and in the Plan, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties hereby agree as follows:

**1.    Incorporation of Plan, Retention of Title, and Vesting of Legal Actions**

1.1    Incorporation of Plan. The Plan and Confirmation Order are incorporated into this Disbursing Agent Agreement. In the event of any conflict between the Plan and this Disbursing Agent Agreement, the Plan will control and govern. In the event of any conflict between the Confirmation Order and the Plan or this Disbursing Agent Agreement, the Confirmation Order will govern.

1.2     Title. The Debtor shall retain title to the Disburing Agent Assets, but the Disbursing Agent shall manage and distribute the Disbursing Agent Assets pursuant to the Plan for the benefit of Holders of Allowed Claims and Interests.  The Disbursing Agent is authorized to make disbursements and payments to Holders of Allowed Claims and Interests from the Disbursing Agent Assets in accordance with the provisions of this Disbursing Agent Agreement and pursuant to the Plan.

1.3     Vesting of Legal Actions. The Disbursing Agent shall be vested with standing to pursue any and all Causes of Action and other rights or legal actions on behalf of the Debtor, including without limitation Avoidance Actions or rights arising under section 506(c) of the Bankruptcy Code, controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, Lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law.  Causes of Action also include:  (a) all rights of setoff, counterclaim, cross-claim, or recoupment, and claims on contracts or for breaches of duties imposed by law; (b) the right to object to or otherwise contest Claims; (c) claims pursuant to sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code; and (d) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code, all of which are preserved pursuant to Article III.D and Article VI.F of the Plan and hereunder.

**2.     The Disbursing Agent**

2.1     Appointment. John H. Curtis is hereby appointed as the Disbursing Agent, effective as of the date of this Disbursing Agent Agreement pursuant to the provisions of the Plan.  The Disbursing Agent's appointment shall continue until the Disbursing Agent's resignation, death, dissolution, removal, or liquidation.

2.2     Administration of Disbursing Agent Assets. In administering the Disbursing Agent Assets, the Disbursing Agent, subject to the express limitations contained herein and in the Plan, is authorized and directed to do and perform all such acts, to execute and deliver such deeds, bills of sale, instruments of conveyance, and other documents as they may deem necessary or advisable to carry out the purposes of this Disbursing Agent Agreement.

2.3     General Powers. Except as otherwise provided in this Disbursing Agent Agreement, the Plan, or the Confirmation Order, the Disbursing Agent may control and exercise authority over the Disbursing Agent Assets, and over the management, and disposition thereof. No Person dealing with the Disbursing Agent shall be obligated to inquire into the Disbursing Agent's authority in connection with the acquisition, management, or disposition of Disbursing Agent Assets. Without limiting the foregoing, but subject to the Plan, the Confirmation Order, and other provisions of this Disbursing Agent Agreement, the Disbursing Agent shall be expressly authorized with respect to the Disbursing Agent Assets:

  2.3.1 To manage, distribute, sell, and/or abandon the Disbursing Agent Assets in accordance with the provisions of the Plan and this Disbursing Agent Agreement;

  2.3.2 To establish and maintain any Cash reserves as deemed necessary by the Disbursing Agent to carry out this Disbursing Agent Agreement, including the reserves provided for in Section 3 of this Agreement;

  2.3.3 To perform the duties, exercise the powers, and assert the rights of a trustee under Bankruptcy Code §§ 704 and 1106, including, without limitation, holding and asserting applicable privileges and defenses, and filing, commencing or prosecuting objections to Claims under § 502 of the Bankruptcy Code, turnover actions under §§ 542 and 543 of the Bankruptcy Code, and avoidance actions under §§ 502(d), 544, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code;

  2.3.4 To make Distributions to Holders of Allowed Claims and Interests as specified in the Plan and this Disbursing Agent Agreement;

  2.3.5 To enter into, perform and exercise rights under contracts binding upon the Debtor (but not upon the Disbursing Agent in his respective individual or corporate capacities) which are reasonably incident to the administration of the Disbursing Agent Assets and which the Disbursing Agent, in the exercise of his best business judgment, reasonably believes to be in the best interests of the Debtor's estate;

  2.3.6 To establish and maintain accounts at federally insured financial institutions, in a clearly specified fiduciary capacity, into which the Disbursing Agent Assets or other Cash and property of the Debtor may be deposited, and draw checks or make withdrawals from such accounts, and to pay or distribute such amounts of the Disbursing Agent Assets as permitted or required under this Disbursing Agent Agreement and the Plan;

  2.3.7 To employ attorneys, accountants, appraisers, expert witnesses, insurance adjusters or other Persons whose services may be necessary or advisable in the sole judgment of the Disbursing Agent, to advise or assist him in the discharge of his duties as Disbursing Agent, or otherwise in the exercise of any powers vested in the Disbursing Agent under the Plan and this Disbursing Agent Agreement, and to pay from the Disbursing Agent Assets reasonable compensation to such attorneys, accountants, appraisers, expert witnesses, insurance adjusters or other Persons without order of the Bankruptcy Court;

  2.3.8 To hold, market, sell, transfer or otherwise dispose of the Disbursing Agent Assets as he deems appropriate in his sole discretion;

  2.3.9 To pay any and all necessary expenses attributable or relating to the management, maintenance, preservation or liquidation of the Disbursing Agent Assets;

  2.3.10 To sue in connection with any matter arising from or related to the Plan or this Disbursing Agent Agreement that affects in any way the rights or obligations of the Debtor, the Disbursing Agent or the Disbursing Agent Assets;

2.3.11  To prepare and file, if necessary, any and all tax and information returns required with respect to the Disbursing Agent Assets, prepare documents required under applicable law on behalf of the Debtor, and pay taxes, if any, payable for and on behalf of the Debtor from the Disbursing Agent Assets;

2.3.12  To take any action, exercisable at the discretion of the Disbursing Agent, reasonably necessary to minimize any adverse federal or state income tax consequences to the Debtor resulting from any Distribution made by the Disbursing Agent; and

2.3.13  To do any and all other things, not in violation of any other terms of this Disbursing Agent Agreement, which, in the reasonable business judgment of the Disbursing Agent, are necessary or appropriate for the proper administration, liquidation, management, investment and Distribution of the Disbursing Agent Assets in accordance with the provisions of this Disbursing Agent Agreement and the Plan, and for the Wind Down and dissolution of the Debtor.

2.4     Non-Cash Property. Any non-Cash property of the Disbursing Agent Assets may be sold, transferred, or abandoned by the Disbursing Agent without order of the Bankruptcy Court. If, in the Disbursing Agent's reasonable judgment, such property cannot be sold in a commercially reasonable manner, or the Disbursing Agent believes, in good faith, such property has no value, the Disbursing Agent shall have the right to abandon or otherwise dispose of such property. Except in the case of fraud, willful misconduct, or gross negligence, no party in interest shall have a cause of action against the Disbursing Agent or any agent, employee, consultant or professional of the Disbursing Agent arising from or related to the disposition of non-Cash property in accordance with this Section.

2.5     Representative of Debtor. From and after the Effective Date of the Plan, and pursuant to Article III.F thereof, the Disbursing Agent, shall be the sole representative of the Disbursing Agent for all purposes, including without limitation, investigating, settling, compromising, objecting to, and litigating any and all Claims, Interests, Causes of Action pursuant to the Plan.

2.6     Exclusive Authority to Pursue, Settle, or Abandon Claims and Causes of Action. In accordance with the provisions of the Plan, all applicable law and this Disbursing Agent Agreement authorizing the Disbursing Agent to act on behalf of the Debtor, the Disbursing Agent on behalf of the Debtor shall have the exclusive right, power, and interest to pursue, settle, or abandon all Claims, including without limitation all Disputed Claims, Claims related to Disputed Interests, and Causes of Action assigned under the Plan, as the sole representative of the Debtor pursuant to Bankruptcy Code § 1123(b)(3) or otherwise. In the event of any settlement in which the principal amount at issue is less than $20,000.00, the Disbursing Agent may enter into any settlement agreement without notice and hearing or approval of the Bankruptcy Court. In all other instances, settlement agreements entered into by the Disbursing Agent shall be submitted to the Bankruptcy Court for approval under Federal Rule of Bankruptcy Procedure 9019 after notice and opportunity for hearing.

2.7     Payment of Disbursing Agent Expenses. The Disbursing Agent will pay first from the Disbursing Agent Assets all expenses, charges, liabilities and obligations incurred by the

Disbursing Agent in connection with the administration of the Disbursing Agent Assets, including without limiting the generality of the foregoing, such debts, liabilities, or obligations as may be payable from the Disbursing Agent Assets, interest, taxes, assessments, and public charges of every kind and nature, and the costs, charges and expenses in connection with or arising out of the execution or administration of the Disbursing Agent Assets, and such other payments and disbursements as are provided for in this Disbursing Agent Agreement or which may be reasonably determined by the Disbursing Agent to be proper charges against the Disbursing Agent Assets. Included within this provision is the payment of all fees and costs of the Disbursing Agent and of professionals retained by the Disbursing Agent according to the procedures set forth in this Section 2.7.

    2.7.1 <u>Payment of United States Trustee's Fees</u>. After the occurrence of the Effective Date, fees payable to the Office of the United States Trustee during the administration of the Plan and until the case is converted, dismissed or closed, shall be paid by the Disbursing Agent from the Disbursing Agent Assets.

    2.7.2 <u>Disbursing Agent and Disbursing Agent Professionals' Fees</u>. The Disbursing Agent and any professionals retained by the Disbursing Agent are entitled to reasonable compensation for services performed pursuant to the terms of and in accordance with the terms of this Disbursing Agent Agreement.

2.8 <u>Reports</u>. The Disbursing Agent shall when required by applicable law and otherwise may in his sole discretion prepare, deliver, and file, as the case may be, reports, including reports as follows:

    2.8.1 Unaudited interim financial reports as may be required by regulatory authorities, applicable laws, rules or regulations or as the Disbursing Agent deems advisable; including income tax information, tax returns or reports to the applicable taxing authorities;

    2.8.2 Quarterly reports submitted to the Office of the United States Trustee, and filed with the Bankruptcy Court setting forth an unaudited written report and account showing: (i) the assets of the Disbursing Agent Assets; (ii) funds in reserve; (iii) accrued but unpaid expenses of the Disbursing Agent and any professionals employed by the Disbursing Agent; and (iv) any Distributions made and expenses paid pursuant to the Plan and the Disbursing Agent Agreement, including Distributions to the Disbursing Agent and professionals providing services to the Disbursing Agent;

    2.8.3 Reports or information requested by any governmental entity; and

    2.8.4 Status reports to the Bankruptcy Court.

2.9 <u>Discretion of Disbursing Agent</u>. The Disbursing Agent, within the limitations and restrictions expressed and imposed herein or in the Plan, may act freely under all or any of the rights, powers and authority conferred hereby, in all matters concerning the Disbursing Agent Assets, after forming his best reasonable business judgment based upon the circumstances of any particular question or situation as to the best course to pursue.

5

2.10  **Reliance by Disbursing Agent**. The Disbursing Agent may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, objection, order, judgment, decree, or other paper or document reasonably believed by him to be genuine and to have been signed, made, entered or presented by the proper party, parties, official, officials, entity or entities.

2.11  **Reliance on Disbursing Agent**. No Person dealing with the Disbursing Agent shall be obligated to see to the application of any monies, securities, or other property paid or delivered to them or to inquire into the expediency or propriety of any transaction or the right, power, or authority of the Disbursing Agent to enter into or consummate the same upon such terms as the Disbursing Agent may deem advisable. Persons dealing with the Disbursing Agent shall look only to the Disbursing Agent Assets to satisfy any liability incurred by the Disbursing Agent to such Persons in carrying out the terms of this Disbursing Agent Agreement, and, except as otherwise expressly provided herein, the Disbursing Agent and his agents, attorneys, accountants, consultants and employees shall have no personal, individual or corporate obligation to satisfy any such liability.

2.12  **Bond**. Notwithstanding any law to the contrary, the Disbursing Agent shall be exempt from providing any bond or other security in any jurisdiction.

2.13  **Limitation on Liability and Indemnification**.

2.13.1  To the fullest extent allowed by law, the Disbursing Agent and his agents, attorneys, accountants, consultants and employees shall not be held personally liable for and shall be immune from and shall be held harmless from and against any and all actions, suits, liabilities, Claims, losses, lawsuits, proceedings, judgments and/or expenses, including but not limited to attorneys' fees, costs and monetary damages, arising out of or related to, either directly or indirectly, his, her or their performance of duties or obligations pursuant to the terms of this Disbursing Agent Agreement, unless such Claims arise out of or are related to recklessness, willful misconduct or gross negligence. No Person shall file suit, action or proceeding against the Disbursing Agent, or his agents, attorneys, accountants, consultants and employees, or take any other action against the Disbursing Agent or his agents, attorneys, accountants, consultants and employees, without prior Order of the Bankruptcy Court authorizing the filing of the suit, action or proceeding after notice and hearing. The Disbursing Agent and agents, attorneys, accountants, consultants and employees shall have no liability for any Claims against or obligations or debts incurred by the Debtor.

2.13.2  The Debtor hereby indemnifies to the full extent of the Disbursing Agent Assets any Person or entity who was or is a party, or is threatened to be made a party to any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative by reason of the fact that such Person or entity is or was a Disbursing Agent, or agent, attorney, accountant, consultant and employee of Disbursing Agent, from and against any and all expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such Person or entity in connection with such action, suit or proceeding, including appeals thereof, if such Person or entity acted without recklessness, willful misconduct or gross negligence

6

in the exercise and performance of any power or duties of such Person or entity in accordance with this Disbursing Agent Agreement.

2.13.3 Expenses (including attorneys' fees) incurred in defending any action, suit or proceeding referred to in this Section 2.13 may be paid by the Disbursing Agent from the Disbursing Agent Assets in advance of the final disposition of such action, suit or proceeding, upon an undertaking by the Disbursing Agent and his agents, attorneys, accountants, consultants and employees of the Disbursing Agent to repay such amount unless it shall ultimately be determined that the Disbursing Agent or such Person or entity is not entitled to be indemnified.

2.14    Limitations on Disbursing Agent.

2.14.1 No Trade or Business. The Disbursing Agent shall carry out the purposes of the Disbursing Agent Agreement and the directions contained herein and shall not at any time enter into or engage in any business (except as may be consistent with the limited purposes of the Disbursing Agent Agreement), including, without limitation, the purchase of any assets or property (other than such assets or property as are necessary to carry out the purposes of this Disbursing Agent Agreement). The Disbursing Agent is directed to take all reasonable and necessary actions to dispose of the Disbursing Agent Assets in as prompt, efficient and orderly a fashion as possible, to make timely Distributions of the proceeds of the Disbursing Agent Assets.

2.14.2 No Limitation on Disbursing Agent's Own Business. Notwithstanding any of the foregoing, the Disbursing Agent shall not be prohibited from engaging in any trade or business on its own account.

**3.    Distributions**

3.1    Distributions from Disbursing Agent Assets. All payments to be made hereunder to the Holders of Allowed Claims and Interests shall be made only in accordance with the Plan, the Confirmation Order, and this Disbursing Agent Agreement and from the Disbursing Agent Assets (or from the income and proceeds realized from the Disbursing Agent Assets) net of the reserves established by the Disbursing Agent, if any, and only to the extent that, in the Disbursing Agent's sole discretion, the Disbursing Agent has sufficient Disbursing Agent Assets (or income and proceeds realized from the Disbursing Agent Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order, and this Disbursing Agent Agreement. Each Holder of an Allowed Claim or Allowed Interest shall look solely to the Disbursing Agent Assets and the income and proceeds thereof, and not to the Disbursing Agent in his personal, individual or corporate capacity, for Distribution to such Holder of an Allowed Claim or Allowed Interest under the Plan and as provided herein.

3.2    Distributions; Withholding. The Disbursing Agent shall make Distributions to Holders of Allowed Claims or Allowed Interests in accordance with the Plan and this Disbursing Agent Agreement at such times and in such amounts as the Disbursing Agent may determine in his sole discretion, taking into account Cash necessary for any reserve as provided for herein. Notwithstanding anything to the contrary herein, except as provided in the Plan, no Holder shall

7

receive in respect to its Allowed Claim or Interest any Distribution in excess of the Allowed amount of such Claim or Interest. The Disbursing Agent may withhold from amounts distributable to any Holder of an Allowed Claim or Allowed Interest any and all amounts, determined in the Disbursing Agent's sole discretion, to be required by any law, regulation, rule, ruling, directive, or other governmental requirement, including any federal, state or local withholding taxes. In addition, all Distributions under this Disbursing Agent Agreement shall be net of the actual and reasonable costs of making such Distributions. All such Distributions shall be made as provided, and subject to any withholding or reserve, in this Disbursing Agent Agreement, the Plan or the Confirmation Order.

3.3     Disbursing Agent Reserve. The Disbursing Agent may retain and supplement from time to time a reserve (the "Disbursing Agent Reserve") in such amount (a) as is reasonably necessary to meet contingent liabilities and to maintain the value of the Disbursing Agent Assets; and (b) to pay reasonable administrative expenses including, without limitation, the compensation and the reimbursement of reasonable, actual and necessary costs, fees, and expenses) of the Disbursing Agent and professionals employed by the Disbursing Agent in connection with the performance of duties in connection with this Disbursing Agent Agreement.

3.4     No Distribution Pending Allowance; Estimation.

3.4.1   Allowance of Claims and Interests. On or after the Effective Date, the Disbursing Agent shall have and shall retain any and all rights and defenses that the Debtor had with respect to any Claim, except with respect to any Claim deemed Allowed as of the Effective Date.  Except as expressly provided in the Plan or in any order entered in the Chapter 11 Case prior to the Effective Date (including, without limitation, the Confirmation Order), no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code or the Bankruptcy Court has entered a Final Order, including the Confirmation Order, in the Chapter 11 Case allowing such Claim.

3.4.2   Estimation. After the Effective Date, the Disbursing Agent may, at any time, request that the Bankruptcy Court estimate (a) any Disputed Claim pursuant to applicable law and (b) any contingent or unliquidated Claim pursuant to applicable law, including, without limitation, section 502(c) of the Bankruptcy Code, regardless of whether the Debtor or the Disbursing Agent have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction under 28 U.S.C. §§ 157 and 1334 to estimate any Disputed Claim, contingent Claim or unliquidated Claim, including during the litigation concerning any objection to any Claim or during the pendency of any appeal relating to any such objection.

3.5     Disputed Reserves. On the Effective Date, after making all Distributions required to be made on such date under the Plan, the Disbursing Agent shall establish a separate Disputed Reserve for Disputed Claims, each of which Disputed Reserves shall be administered by the Disbursing Agent.  The Disbursing Agent shall reserve in Cash or other property, for Distribution on account of each Disputed Claim, the full asserted amount with respect to each Disputed Claim.  The Disbursing Agent shall hold property in the Disputed Reserves in trust for

the benefit of the Holders of Claims and Interests ultimately determined to be Allowed. Each Disputed Reserve shall be closed and extinguished by the Disbursing Agent when all Distributions and other dispositions of Cash or other property required to be made hereunder will have been made in accordance with the terms of the Plan. Upon closure of a Disputed Reserve, all Cash held in that Disputed Reserve shall revest in the Disbursing Agent Assets. All funds or other property that vest or revest in the Disbursing Agent Assets pursuant to this paragraph shall be (a) used to pay the fees and expenses of the Disbursing Agent as and to the extent set forth in the Disbursing Agent Agreement, and (b) thereafter distributed on a Pro Rata basis to holders of Allowed Interests

    3.6    <u>Method of Distribution.</u>

        3.6.1    <u>General</u>. Distributions under the Plan made after the Effecitve Date shall be made by the Disbursing Agent.

        3.6.2    <u>Timing and Calculation of Distribution Amounts</u>. Except as otherwise provided herein, on the Effective Date or as soon as reasonably practicable thereafter (or if a Claim or Interest is not an Allowed Claim or Allowed Interest on the Effective Date, on the date that such a Claim or Interest becomes an Allowed Claim or Allowed Interest, or as soon as reasonably practicable thereafter), each Holder of an Allowed Claim or Allowed Interest against the Debtor shall receive the full amount of the Distributions and payments that the Plan provides for Allowed Claims or Allowed Interests in the applicable Class from the Disbursing Agent, as applicable. In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date. If and to the extent that there are Disputed Claims or Disputed Interests, distributions on account of any such Disputed Claims or Disputed Interests shall be made pursuant to the provisions set forth in Article V of the Plan. Except as otherwise provided herein, Holders of Claims shall not be entitled to interest, dividends, or accruals on the distributions provided for herein, regardless of whether such distributions are delivered on or at any time after the Effective Date.

        3.6.3    <u>Form of Distributions</u>. Subject to Bankruptcy Rule 9010 and except as otherwise provided herein, Distributions to the Holders of Allowed Claims and Allowed Interests shall be made by the Disbursing Agent at (a) the address of each Holder as set forth in the Schedules, unless superseded by the address set forth on proofs of Claim or proofs of Interest Filed by such Holder or (b) the last known address of such Holder if no proof of Claim is Filed or if the Debtor has been notified in writing of a change of address. If any Distribution is returned as undeliverable, the Disbursing Agent may, in his discretion, make reasonable efforts to determine the current address of the Holder of the Claim or Interest with respect to which the Distribution was made as the Disbursing Agent deems appropriate, but no Distribution to any such Holder shall be made unless and until the Disbursing Agent has determined the then-current address of such Holder, at which time the Distribution to such Holder shall be made to the Holder without interest beyond any interest provided for in the Plan. Amounts in respect of any undeliverable Distributions made by the Disbursing Agent shall be returned to, and held in trust by, the

9

Disbursing Agent until the Distributions are claimed or are deemed to be unclaimed property under Section 347(b) of the Bankruptcy Code, as set forth below in the Plan. The Disbursing Agent shall have the discretion to determine how to make Distributions in the most efficient and cost-effective manner possible; provided, however, that its discretion may not be exercised in a manner inconsistent with any express requirements of the Plan or the Disbursing Agent Agreement.

   3.6.4 <u>Minimum Distributions</u>. Notwithstanding anything herein to the contrary, if a Distribution to be made to a Holder of an Allowed Claim or Allowed Interest on the Effective Date or any subsequent date for Distributions would be less than the Minimum Distribution Threshold, $25.00 or less in the aggregate at the time of such Distribution, no such Distribution will be made to that Holder unless a request therefor is made in writing to the Disbursing Agent no later than twenty (20) days after the Effective Date. If the Holder of an Allowed Claim or Allowed Interest with an Allowed amount below the Minimum Distribution Threshold does not make a request for Distribution with the Disbursing Agent within twenty (20) days after the Effective Date, the Disbursing Agent will segregate the amount of the proposed Distribution into an account, the proceeds of which will be donated to "and Justice for all" after all Distributions have been made.

   3.7 <u>Unclaimed Property</u>. Except with respect to property not Distributed because it is being held in a Disputed Reserve, Distributions that are not claimed by the expiration of the later of six (6) months from the Effective Date or ninety (90) days from such Distribution shall be deemed to be unclaimed property under Section 347(b) of the Bankruptcy Code and shall vest or revest in the Disbursing Agent Assets, and the Claims or Interests with respect to which those Distributions are made shall be automatically cancelled. After the expiration of the applicable period, the claim of any Entity to those Distributions shall be discharged and forever barred. Nothing contained in the Plan shall require the Disbursing Agent to attempt to locate any holder of an Allowed Claim or Allowed Interest. All funds or other property that vests or revests in the Disbursing Agent Assets pursuant to this Article shall be distributed by the Disbursing Agent to the other Holders of Allowed Claims and Allowed Interests in accordance with the provisions of the Plan or the Disbursing Agent Agreement.

   3.8 <u>Setoff and Recoupment</u>. Except as otherwise expressly provided for in the Plan or in any court order, the Disbursing Agent, as applicable, pursuant to the Bankruptcy Code (including section 553 of the Bankruptcy Code), applicable non-bankruptcy law, or as may be agreed to by the Holder of a Claim, may (but shall not be required to) set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Allowed Claim (before any distribution is made on account of such Allowed Claim), any claims, rights, and Causes of Action of any nature that the Debtor or its Estate may hold against the Holder of such Allowed Claim, to the extent such claims, rights, or Causes of Action against such Holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to the Plan or otherwise); provided, that, neither the failure to effect such a setoff nor the allowance of any Claim pursuant to the Plan shall constitute a waiver or release by the Debtor of any such claims, rights, and Causes of Action that the Debtor may possess against such Holder. In no event shall any Holder of Claims be entitled to setoff any Claim against any claim, right, or Cause of Action of the Debtor unless such Holder has timely Filed a Proof of Claim with the Bankruptcy Court preserving such setoff right. In no event shall any Holder of a Claim

10

be entitled to recoup any Claim against any claim, right, or Cause of Action of the Debtor unless such Holder actually has performed such recoupment and provided notice thereof in writing to the Debtor on or before the Confirmation Date, notwithstanding any indication in any Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of recoupment

**4.    Dissolution of the Debtor and Discharge and Release of Disbursing Agent**

4.1    Discharge of Disbursing Agent. The Disbursing Agent shall be discharged at such time as (a) all Disputed Claims and Interests have been resolved, (b) all of the Disbursing Agent Assets have been liquidated, (c) all duties and obligations of the Disbursing Agent hereunder have been fulfilled, and (d) all Distributions required to be made by the Disbursing Agent under the Plan and this Disbursing Agent Agreement have been made. The Disbursing Agent shall continue to act as Disbursing Agent until his duties under this Disbursing Agent Agreement have been fully discharged or his role as Disbursing Agent is otherwise terminated under this Disbursing Agent Agreement and the Plan.

4.2    Winding Up and Dissolution of the Debtor. On and after the Effective Date, the Disbursing Agent will implement and oversee the Wind Down pursuant to any provision of the Plan and any applicable orders of the Bankruptcy Court, and the Disbursing Agent shall have the power and authority to take any action necessary to wind down and dissolve the Debtor, including (a) filing a certificate of dissolution, together with all other necessary corporate and company documents, to effect the dissolution of the Debtor under Delaware law; (b) completing and filing all final or otherwise required federal, state, and local tax returns for the Debtor, and (c) taking such other actions as the Disbursing Agent may determine to be necessary or desirable to carry out the purposes of the Plan.

**5.    Miscellaneous**

5.1    Amendments. The Disbursing Agent may modify, supplement, or amend this Disbursing Agent Agreement in any way that is not inconsistent with the Plan or the Confirmation Order upon approval of the Bankruptcy Court.

5.2    Waiver. No failure by the Disbursing Agent to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

5.3    Cumulative Rights and Remedies. The rights and remedies provided in this Disbursing Agent Agreement are cumulative and are not exclusive of any rights under law or in equity.

5.4    Sales of Disbursing Agent Assets. Any sale or other conveyance of any Disbursing Agent Assets by the Disbursing Agent made in accordance with the terms of this Disbursing Agent Agreement and shall be effective to transfer or convey all right, title and interest of the Debtor in and to such Disbursing Agent Assets.

5.5    Notices. Unless otherwise expressly specified or permitted by the terms of the Plan or this Disbursing Agent Agreement, all notices shall be in writing and delivered by registered or

certified mail, return receipt requested, or by a hand or e-mail (and confirmed by mail or e-mail), in any such case addressed as follows:

    If to the Disbursing Agent:    John H. Curtis
Rocky Mountin Advisory, LLC
215 South State Street, Suite 550
Salt Lake City, Utah 84111
Telephone: (801) 428-1600

e-mail: jcurtis@rockymountainadvisory.com

*and*

Steven T. Waterman
Jeff Armington
Dorsey & Whitney LLP
136 S. Main Street, Suite 1000
Salt Lake City, Utah 94101
Telephone: (801) 933-7360
e-mail: waterman.steven@dorsey.com
      armington.jeff@dorsey.com

    5.6    Severability. Any provision of this Disbursing Agent Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

    5.7    Counterparts. This Disbursing Agent Agreement may be executed in multiple counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.

    5.8    Headings. The headings of the various Sections herein are for convenience of reference only and shall not define or limit any of the terms or provisions hereof.

    5.9    Construction. Except where the context otherwise requires, words importing the masculine gender shall include the feminine and the neuter, if appropriate; words importing the singular number shall include the plural number and vice versa; and words importing persons shall include partnerships, associations, and corporations.

    5.10    Governing Law. This Disbursing Agent Agreement, including all matters of construction, validity and performance hereof, shall in all respects be governed by, and construed and interpreted in accordance with the laws of the State of Utah to the extent not inconsistent with federal law.

    5.11    Subject to Bankruptcy Court's Jurisdiction. The Bankruptcy Court shall retain jurisdiction over the Disbursing Agent Assets and the Disbursing Agent to issue any and all

Orders and to take other actions necessary to the implementation of this Disbursing Agent Agreement.

5.12    Further Assurances. From and after the Effective Date, the Parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Disbursing Agent Agreement, and to consummate the transactions contemplated hereby.

5.13    Integration. This Disbursing Agent Agreement, the Plan, and the Confirmation Order constitute the entire agreement with, by and among the parties thereto, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan and in the Confirmation Order. This Disbursing Agent Agreement, together with the Plan and the Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the Parties hereto, relating to any transaction contemplated hereunder. Except as otherwise provided in this Disbursing Agent Agreement, the Plan or Confirmation Order, nothing herein is intended or shall be construed to confer upon or give any Person other than the Parties hereto any rights or remedies under or by reason of this Disbursing Agent Agreement.

5.14    Counterparts. This Disbursing Agent Agreement may be signed by the Parties hereto in counterparts, which, when taken together, shall constitute one and the same document. Delivery of an executed counterpart of this Disbursing Agent Agreement by facsimile or e-mail in PDF format shall be equally effective as delivery of a manually executed counterpart.

IN WITNESS WHEREOF, the Parties have executed and have hereunto caused this Disbursing Agent Agreement to be duly executed, as of the day and year first written above.

**BSD MEDICAL CORPORATION fka PERSEON CORPORATION:**

By: _____
Name: _____
Its: _____

**DISBURSING AGENT**:

By: _____
Name: _____